

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00026-CV

## IN THE INTEREST OF Z.J.C. AND T.J.M.C., MINOR CHILDREN

**From the County Court at Law
Hill County, Texas
Trial Court No. 46156**

### O P I N I O N

S.T. appeals the trial court's judgment terminating her parental rights to her two children, Z.J.C. and T.J.M.C. Because the evidence is sufficient to support the trial court's finding of a predicate act for termination and because the trial court did not abuse its discretion in denying S.T.'s motion for continuance, the trial court's judgment is affirmed.

### BACKGROUND

S.T.'s two children were removed from her home in Hill County in late January of 2008 because the condition of the home was deplorable. S.T. was admitted to the hospital on the same day of the removal, but when discharged a few days later in early February, she moved to Palacios. In late March, she moved to Houston. She missed court dates; she made excuses for not visiting her children; she did not provide any

monetary support for her children; and she lacked interest in communicating with her children. S.T. never saw her children again.

## STATEMENT OF POINTS

First we must address whether we may consider any issues raised by S.T. on appeal.

The Texas Family Code requires an appellant of a state-initiated termination order to file with the trial court, no later than 15 days after the final order is signed, a statement of points on which the appellant intends to appeal. TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). We, as the "appellate court[,] may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points…." *Id*. § 263.405(i); *In the Interest of E.A.R.*, 201 S.W.3d 813 (Tex. App.—Waco 2006, no pet.). Although not labeled as a statement of points, S.T. presented specific issues for review in her timely filed motion for new trial. A statement of points may be combined with a motion for new trial. TEX. FAM. CODE ANN. § 263.405(b-1) (Vernon 2008). S.T. later specifically adopted those issues as her statement of points. Thus, we consider those issues as timely filed points and proceed to review only those issues on appeal.

However, S.T. later attempted to add more issues in an untimely filed statement of points and provided further additional issues in her appellate brief. None of the untimely raised issues challenge the constitutionality of section 263.405(i) or complain that trial counsel was ineffective for failing to file a statement of points. *See In the Interest of J.O.A.*, No. 08-0379, 2009 Tex. LEXIS 250, 52 Tex. Sup. J. 714 (Tex. 2009). Because none of the additional issues were specifically presented to the trial court in the

statement of points included within the motion for new trial, we do not consider those additional issues. *See In the Interest of E.A.R*, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

### LEGAL AND FACTUAL SUFFICIENCY REVIEW

In her first issue, S.T. contends the evidence is legally and factually insufficient to support the trial court's finding of three predicate acts under section 161.001(1) of the Texas Family Code. TEX. FAM. CODE ANN. § 161.001(1) (Vernon 2008). Only one predicate act under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court made a finding that termination was in the best interest of the children; and, as discussed later herein, that finding is not properly challenged on appeal. We therefore focus on the challenge to the predicate act.

One of S.T.'s complaints is that the evidence is legally and factually insufficient to support a finding under subsection (D) that she "knowingly placed or knowingly allowed the child(ren) to remain in conditions or surroundings which endanger the physical or emotional well-being of the child(ren)." TEX. FAM. CODE ANN. § 161.001(1) (D) (Vernon 2008). In this issue, S.T. challenges all parts of subsection (D). However, she only challenged the "knowing" element of subsection (D) in her points contained within her motion for new trial. Therefore, whether the knowing element is legally or factually sufficient is the only portion of this complaint that we consider. The remaining portion of this complaint is dismissed. *See In the Interest of E.A.R*, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

*Standard of Review*

In conducting a legal sufficiency review in a parental termination case:

[A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)) (emphasis in *J.P.B.*).

In a factual sufficiency review,

[A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. . . . [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)) (internal footnotes omitted) (alterations added).

*Applicable Facts*

Child Protective Services of Hill County received two reports in late January of 2008, within days of each other, of the physical neglect of S.T.'s two children. When Beverly Gerke, an investigator with Child Protective Services, interviewed the children, they both told her that they did not have enough to eat and did not have water at the house. When she arrived at S.T.'s house, the house was cold. There was a terrible odor in the house. There were rat feces in the kitchen. There were roaches everywhere. The refrigerator had roaches in it. There was some food, but some of it was moldy. There was not enough food to sustain a child. It was not a livable situation for any adult or child. In the bathroom, the commode was covered in feces. There were feces on the floor. There were also trails of feces on the floor going to and from the back bedroom, which was S.T.'s mother's bedroom, and the bathroom. There was not a room specifically for the children. On the day of the removal, S.T. appeared disoriented.

S.T. proposed that the reason the house was a mess was that she became sick in November and was so sick that she was not aware the house was in that condition.

But S.T.'s cousin, Shirley, disputed S.T.'s proffered reason for the condition of the house. Shirley testified that in August or September of 2007, she visited S.T.'s home and found it to be "pretty nasty" and "pretty rough." She would not sit down anywhere. She observed roaches and trash on the floor. At that time, Shirley did not venture past the living room. In November, S.T. and the children did not have electricity in their home; and S.T. asked Shirley if they could spend the night in Shirley's guest house. S.T. and the children spent one night with Shirley but left after that night because of a

disagreement S.T. had with Shirley's house rules. Shirley observed that S.T. did not show any signs of being sick that night.

A week before Christmas of 2007, Shirley and her son stopped by S.T.'s house to leave Christmas gifts for the children. No one was home. Shirley stated that the house was "just nasty beyond comprehension." She stated that she saw rat feces and roaches during this visit. Later, just a few days prior to the removal of the children, Shirley went back to S.T.'s house to pick up some papers for S.T.'s mother who had been taken to the hospital. S.T. "cussed [Shirley] out" because S.T. believed she was more sick than her mother and that she was the one who needed to be taken to the hospital, not her mother. Shirley testified that S.T. did not have any outward appearance of being sick. S.T. was walking around and was not incoherent. Shirley stated that at that time, the house was so filthy she called the police. She believed that the house was not a safe environment for the children.

Shirley further testified that after the children were removed, she and her son went over to S.T.'s house to try to clean it up for the children's return. But after removing six 30 gallon trash bags full of trash from just the kitchen floor, Shirley gave up. She stated that the amount of filth in the house was not just weeks' worth of filth; it was months' worth of filth.

Apparently, these months were not the only time S.T.'s home was unclean. At least one of S.T.'s children told Shirley that they would move from "worse house to worse house."

S.T.'s mother testified that she was a substitute teacher, had asthma, and was physically unable to clean the house when she got home after work. She stated that S.T. had become so wrapped up in herself that she did not see what was going on with the rest of the family. S.T. expected the children who were 6 and 8 years old to do most of the cleaning. S.T.'s withdrawal had started in the summer of 2007. S.T. would just stay in her room and play video games.

*Application*

After looking at the evidence in the light most favorable to the trial court's finding that S.T. *knowingly* placed or *knowingly* allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children, we hold that a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. The evidence of S.T.'s knowledge was legally sufficient.

After giving due consideration to evidence that the trial court could reasonably have found to be clear and convincing, we hold that the evidence was such that the trial court could reasonably form a firm belief or conviction that S.T. *knowingly* placed or *knowingly* allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children. The evidence of S.T.'s knowledge was factually sufficient.

S.T. further complains in her brief that the trial court's finding of best interest should be reversed. This part of S.T.'s issue was not specifically presented to the trial court in her statement of points located in her motion for new trial and is dismissed.

TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008); *see In the Interest of E.A.R*, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

*Conclusion*

Because the evidence was legally and factually sufficient to support one predicate act, S.T.'s first issue is overruled.

### CONTINUANCE

S.T.'s second issue contains two parts. In the first part of the issue, S.T. argues that the trial court abused its discretion in denying her motion for continuance. We begin by assuming without deciding that the motion for continuance was properly supported by affidavit in the form of counsel's verification.[1] *See* TEX. R. CIV. P. 251. The decision to grant or deny a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). Unless the record discloses a clear abuse of that discretion, the trial court's action in granting or refusing a motion for continuance will not be disturbed. *Villegas*, 711 S.W.2d at 626; *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 n.142 (Tex. 2004).

It was alleged in S.T.'s motion for continuance that the continuance was needed because counsel was unable to contact S.T. until November 20, 2008 when the trial was

---

[1] It is unclear from the case law whether a verification of the motion can substitute for a supporting affidavit as specified in the rule. In this case, the verification is not sufficient because it is not based on personal knowledge and does not verify that the facts contained in the motion are true and correct. Rather, the verification only asserts that the allegations are based on information and the belief of the affiant. *See Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994).

scheduled for December 1, 2008. Counsel requested additional time to prepare for trial. At the hearing on the motion, the trial court attributed the delay in communication with counsel to S.T., stating that S.T. knew the Department was involved in the case and could have received information from the Department had she tried. The trial court's reason for the denial is amply supported by the record which shows a history of S.T.'s unwillingness to do what was necessary to have her children returned to her. Therefore, we find the trial court did not abuse its discretion in denying S.T.'s motion for continuance. Even if the trial court abused its discretion in denying the motion for continuance, S.T. cannot show harm. S.T. never alleged in her motion for continuance, her motion for new trial, or in her brief on appeal how much time she needed or what other resources could have been discovered had she had additional time to prepare for trial. What she would have done with more time was never asserted and thus remains a mystery.

In the second part of her issue, S.T. argues that her due process rights were violated when the trial court denied her motion for continuance. This part of the issue was not specifically presented to the trial court in S.T.'s statement of points contained within her motion for new trial and is dismissed. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008); *see In the Interest of E.A.R*, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

Because the trial court did not abuse its discretion in denying S.T.'s motion for continuance, her second issue is overruled.

**ISSUES DISMISSED**

S.T.'s last two issues, that she was denied due process when she was denied a jury trial and that her trial counsel was generally ineffective, were not specifically presented to the trial court in her statement of points located in her motion for new trial and are dismissed.  TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008); *see In the Interest of E.A.R*, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

**CONCLUSION**

Having overruled the issues properly before us, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed July 22, 2009
[CV06]