

IN THE
TENTH COURT OF APPEALS

No. 10-09-00075-CV

IN THE INTEREST OF D.A.M., A CHILD

From the 18th District Court
Johnson County, Texas
Trial Court No. D200805086

MEMORANDUM  OPINION

Following a bench trial, the trial court rendered judgment terminating the parental rights of D.A.M.'s mother and father.  Both timely perfected an appeal.  The mother contends in two points that: (1) the evidence is factually insufficient to support termination of her parental rights; and (2) her mental impairment is not a proper ground for termination.  The father presents two similar issues, contending: (1) the evidence is factually insufficient to support termination of his parental rights; and (2) his mental condition is not a proper ground for termination.  We will affirm.

Because this case was instituted by the Department of Family and Protective Services, section 263.405 of the Family Code governs this appeal.  *See In re S.T.*, 239

S.W.3d 452, 453 n.1 (Tex. App.—Waco 2007, order) (per curiam), *disp. on merits*, 263

S.W.3d 394 (Tex. App.—Waco 2008, pet. denied).  Section 263.405(i) provides:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial.  For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2009).

The Supreme Court recently held that an ineffective assistance of counsel complaint may be raised on appeal even if it was not included in a statement of points under section 263.405(i).  *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009).  The Court also held that this statute "is unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order."  *Id.*

This Court has construed *J.O.A.* to mean that we are authorized to consider issues not presented in a timely filed statement of points only if such issues "challenge the constitutionality of section 263.405(i) or complain that trial counsel was ineffective for failing to file a statement of points."  *In re Z.J.C.*, No. 10-09-00026-CV, 2009 WL 2179976, at *1 (Tex. App.—Waco July 22, 2009, no pet.); *accord In re M.P.*, No. 04-08-00881-CV, 2009 WL 2413694, at *1 (Tex. App.—San Antonio Aug. 5, 2009, no pet.) (mem. op.); *Robinson v. Tex. Dep't of Family & Protective Servs.*, No. 01-08-00479-CV, 2009 WL 1688179, at *2 (Tex. App.—Houston [1st Dist.] May 18, 2009, no pet.) (mem. op.); *but see In re G.K.*, No. 09-08-00506-CV, 2009 WL 2616926, at *2-4 (Tex. App.—Beaumont Aug.

27, 2009, no pet. h.) (mem. op.) (reviewing record and finding no merit to appellants' legal and factual insufficiency complaints even though those complaints were not presented in statement of points).

Here, neither party filed a statement of points for appeal under section 263.405. The father at best included such a statement in his motion for new trial, stating "There was insufficient evidence to terminate the parental rights of the Respondent." This is not a sufficiently specific statement to preserve a complaint for appellate review. *See* TEX. FAM. CODE ANN. § 263.405(i); *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 527 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *In re J.W.H.*, 222 S.W.3d 661, 662 (Tex. App.—Waco 2007, no pet.); *In re A.H.L.*, 214 S.W.3d 45, 54 (Tex. App.—El Paso 2006, no pet.).

Because the mother did not file a statement of points and because the father did not file a sufficiently specific statement of points, they did not preserve the issues presented in their briefs for appellate review. *See J.W.H.*, 222 S.W.3d at 662; *see also Z.J.C.*, 2009 WL 2179976, at *1. Thus, we overrule the issues presented and affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed October 7, 2009
[CV06]

\*        (Chief Justice Gray concurs in the judgment to the extent that it affirms the termination of parental rights in the trial court's order.  A separate opinion will not issue.)