Tawana Rena ROBINSON, Appellant,

v.

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,** Appellee.

No. 01–08–00480–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 2010.

Donald M. Crane, Katy, Oliver W. Sprott, Jr., Houston, for Appellant.

Sandra D. Hachem, Senior Asst. County Atty., Houston, for Appellee.

Sara Blackwell Hunt, Houston, for Ad Litem.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

Appellant, Tawana Rena Robinson, challenges the trial court's termination of her parental rights to her minor children H.L.C. and A.L.C. In one issue, Robinson contends that her court-appointed lawyer was ineffective because he did not file a statement of the point or points on which Robinson intended to appeal. *See* TEX. FAM.CODE ANN. § 263.405(b)(2) (Vernon

2008) (requiring appellant to file statement of point or points).[1] We affirm.

The Texas Supreme Court has adopted the two-pronged analysis of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984), to determine whether appointed counsel was ineffective in a proceeding to terminate parental rights:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*In re J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009) (citing *In re M.S.*, 115 S.W.3d 534, 545 (Tex.2003)).

Robinson argues that her trial lawyer rendered deficient performance and thus failed the first prong of *Strickland* by not filing a statement of appellate points required by Family Code section 263.405(b)(2). Although trial counsel's failure to file a statement of appellate points or render any other continued representation after filing a notice of appeal and a motion to withdraw was found by the Texas Supreme Court to be "seriously deficient" in *In re J.O.A.*, 283 S.W.3d at 343, the Court also acknowledged in the same opinion that "not every failure to preserve

factual sufficiency issues would rise to the level of ineffective assistance." *Id.* (citing *In re M.S.*, 115 S.W.3d at 549).

▆▆▆ Here, the Department of Family and Protective Services contends that Robinson's trial counsel could not have filed any meritorious claim of legal or factual sufficiency. Under such circumstances, a failure to file a statement of appellate points would not necessarily indicate deficient representation. We "must indulge in the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' including the possibility that counsel's decision not to challenge factual sufficiency was based on strategy." *In re M.S.*, 115 S.W.3d at 549 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2052). Counsel, in his professional opinion, could have believed the evidence legally and factually sufficient, such that a statement of appellate points was not warranted. *See id.* (citing *Smith v. State*, 17 S.W.3d 660, 662 (Tex.Crim.App.2000)). It was therefore necessary for Robinson to demonstrate on appeal not only that her counsel failed to file a statement of appellate points, but that her counsel rendered deficient performance in his failure to do so, and that she was harmed as a result of that deficient performance. This she failed to do.

▆▆▆ Robinson's claim of ineffective assistance fails because she does not demonstrate any harm.[2] Her brief offers no substantive arguments to demonstrate that the evidence adduced at trial was legally

---

1. Family Code section 263.405(i) has been held unconstitutional to the extent that section purports to prevent an appeal based on ineffective assistance of counsel. *See In re J.O.A.*, 283 S.W.3d 336, 347 (Tex.2009); Tex. Fam.Code Ann. § 263.405(i) (Vernon 2009) ("The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or

in a statement combined with a motion for new trial.").

2. Robinson's brief does note that "under certain circumstances, 'prejudice is presumed,'" referencing the "sleeping lawyer" case, *Burdine v. Johnson*, 262 F.3d 336, 349 (5th Cir. 2001). Robinson presents no substantive argument that such an argument applies to ineffective-assistance claims in the context of the

or factually insufficient to support the termination of her parental rights.[3] Under such circumstances, we cannot find harm and thus cannot find ineffective assistance of counsel. *See In re M.S.*, 115 S.W.3d at 545–46 (mother could not demonstrate ineffective assistance in trial counsel's failure to secure record of voir dire, charge conference, and closing arguments because she failed to indicate "what errors would have been recorded if a record had been made").

Finally, Robinson asks this Court to remand the case "for a hearing to determine whether good cause exists for trial counsel's failure to file the points." We are aware of no authority for such a remand, nor would any purpose be served to remand to determine the reasons for that failure in light of our conclusion that Robinson has failed to make the requisite demonstration of harm.

We overrule Robinson's sole issue, and we affirm the trial court's order of termination.

termination of parental rights, or that, despite her concession that her trial lawyer was not ineffective during the course of the trial, counsel's failure to file a statement of appellate points in this case constituted a constructive denial of counsel that would justify a presumption of prejudice. As noted above, without more we cannot assume that the failure to file a statement of appellate points was deficient performance, much less a constructive denial of counsel. To the extent Robinson's brief suggests presumed prejudice, that argument is waived for failure to present a clear and concise argument with appropriate citations to authorities and to the record. *See* Tex.R.App P. 38.1(i).

**3.** The brief filed by the Department of Family and Protective Services details the evidence at trial, arguably supporting the termination of Robinson's parental rights pursuant to Family Code section 161.001(1)(E), which authorizes termination in the best interest of the child when the parent engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. *See* Tex. Fam.Code Ann. § 161.001(1)(E) (Vernon Supp.2009). Without speculating whether this evidence is the reason why counsel did not actually present a sufficiency-of-the-evidence argument to support a harm analysis on appeal, we note that if appointed counsel believes there are no nonfrivolous issues to assert on appeal from the termination of parental rights, the appropriate course of action is to file an *Anders* brief and seek leave to withdraw. *See In re K.D.*, 127 S.W.3d 66, 67 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (citing *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967)).