02-11-015-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00015-CV

 

 


 
 
 In the Interest of G.A.H. and K.D.B., Children
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
G.H. (Father)[2] appeals the termination
of his parental rights to G.A.H. (Ginny) and K.D.B. (Katie).  We will affirm.

I.  Background

          In
September 2009, the Department of Family and Protective Services (the
Department) received a referral that Ginny and Katie were in danger from
neglectful supervision.  The referral alleged that the children’s mother would
leave them with family members and would not pick them up for as long as a
month.  In December 2009, the Department took Ginny and Katie from their mother
and placed them in foster care with the Browns.  Mr. Brown is the brother of
the children’s maternal grandmother.  Father was aware of CPS’s involvement and
signed a release allowing the children to be placed with the Browns.

Ginny
and Katie’s case was assigned to conservatorship worker Melanie Scott.  Scott
could not locate Father.  The only information the children’s mother could
provide was that Father was living “in Kansas City somewhere.”[3] 
Scott eventually contacted Father’s mother on March 3, 2010, who also could not
provide a contact address or phone number.  Father’s mother told Scott that
Father “was just kind of living here and there, that he didn’t have a stable
environment and there was no way to get ahold of him.”

          In
August of 2010, Father finally contacted Scott.  Father admitted that he had
received Scott’s messages through his mother but had not attempted to contact
Scott or anyone at CPS because he did not have stable housing or employment. 
At the time he called Scott, Father had been employed for a month.  Scott
obtained Father’s address and mailed him his service plan on August 23, 2010.  On
September 14, 2010, Father and Scott spoke again over the phone.  Father told
Scott he had received the service plan, and they discussed providers where Father
could engage in services.  Scott gave Father the phone numbers of various
resources and told him that it was his responsibility to complete the services
and fax or e-mail her documentation.

          During
their August phone call, Father expressed an interest in visiting his daughters
on Ginny’s birthday, and Scott offered to arrange visitation for him if he came
to Texas.  Father also told Scott he was going to mail Ginny a birthday
present.  When they spoke again in September, Father told Scott that his sister
was getting married and that the wedding would “interfere” with his plans to
visit his children.  He never visited the children or sent any presents.  Father
never wrote or called his daughters, despite being told by Scott that he could.

          Trial
was held on December 7, 2010.  Father appeared by counsel but not in person.  Father’s
counsel stated that she was not aware that Father would not be attending the
trial until the day before when he faxed a doctor’s note explaining that he was
on prescription medication and unable to drive.

At
trial, Scott testified to the trouble in locating and communicating with Father. 
She further stated that she believed it was in the children’s best interest for
Father’s parental rights to be terminated.  Scott said that CPS’s permanent
plan for the children was for them to be adopted by their foster parents, the
Browns.

          Mr.
Brown, the only other witness at trial, testified that he spoke to Father once
in December 2009 and once in February 2010 regarding blood work to determine
whether he was Katie’s father.  Brown said that Father has made no attempt to
visit the girls while they were in the Browns’ care and that he did not provide
any financial support or supplies to help care for the children.  He testified
that the girls call him “dad” and Mrs. Brown “mom” and that they would love to
adopt the children.

          The
trial court found that Father’s parental rights should be terminated under
section 161.001 of the family code and ordered that managing conservatorship continue
with the Department.  This appeal followed.

II.  Standard
of Review

A
parent’s rights to “the companionship, care, custody, and management” of his or
her children are constitutional interests “far more precious than any property
right.”  Santosky v. Kramer, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397
(1982); In re M.S., 115 S.W.3d 534, 547 (Tex. 2003).  “While
parental rights are of constitutional magnitude, they are not absolute.  Just
as it is imperative for courts to recognize the constitutional underpinnings of
the parent-child relationship, it is also essential that emotional and physical
interests of the child not be sacrificed merely to preserve that right.”  In
re C.H., 89 S.W.3d 17, 26 (Tex. 2002).  In a termination case, the Department
seeks not just to limit parental rights but to erase them permanently—to divest
the parent and child of all legal rights, privileges, duties, and powers
normally existing between them, except for the child’s right to inherit.  Tex.
Fam. Code Ann. § 161.206(b) (West 2008); Holick v. Smith, 685 S.W.2d 18,
20 (Tex. 1985).  We strictly scrutinize termination proceedings and strictly
construe involuntary termination statutes in favor of the parent.  Holick,
685 S.W.2d at 20–21; In re M.C.T., 250 S.W.3d 161, 167 (Tex. App.—Fort Worth
2008, no pet.).

Termination
decisions must be supported by clear and convincing evidence.  Tex. Fam.
Code Ann. § 161.001 (West Supp. 2010); § 161.206(a).  Evidence is clear and
convincing if it “will produce in the mind of the trier of fact a firm belief
or conviction as to the truth of the allegations sought to be established.”  Id.
§ 101.007 (West 2008).  Due process demands this heightened standard
because termination results in permanent, irrevocable changes for the parent
and child.  In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002); see In
re J.A.J., 243 S.W.3d 611, 616 (Tex. 2007) (contrasting standards for
termination and modification).

III.
 Discussion

          Father
appeals the termination of his parental rights in six issues.  The Department
argues that Father’s first, fourth, fifth, and sixth issues have been forfeited
because he did not file a statement of points as required by the family code.  See
Tex. Fam. Code Ann. § 263.405 (West 2008).  Father admits that he never filed a
statement of points, but claims in his second issue that the failure was the
result of ineffective assistance by his trial counsel.[4]  We therefore address Father’s
second issue first.

A.  Ineffective
Assistance of Counsel

          To
prove ineffective assistance, the appellant must show (1) that counsel’s
performance was deficient and (2) that the deficient performance prejudiced his
defense.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); see J.O.A., 283 S.W.3d at 342 (applying Strickland
to a parental rights termination case).  “This requires showing that counsel’s
errors were so serious as to deprive the defendant of a fair trial, a trial
whose result is reliable.”  Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.  “To make this showing, [Father] would be required to demonstrate that he
could prevail on appeal on [the] issues raised in his late-filed statement of
points.”[5]  In re B.G., 317
S.W.3d 250, 256 (Tex. 2010); see also J.O.A., 283 S.W.3d at 344 (noting
that appellant father must show that “had counsel properly preserved error by
filing the statement of points, the court of appeals would have reversed the
termination” based on the issues he would have raised in his statement of
points).  If Father’s trial counsel could not have filed any meritorious claim
on appeal, a failure to file a statement of points “would not necessarily
indicate deficient representation.”  Robinson v. Dep’t of Family &
Protective Servs., 317 S.W.3d 410, 411 (Tex. App.—Houston [1st
Dist.] 2010, no pet.).  Thus, in order to evaluate Father’s claim of
ineffective assistance of counsel, we review the merit of his other issues.  See
J.O.A., 283 S.W.3d at 344–47 (evaluating appellant father’s issues on
appeal under the second prong of the Strickland test).

1.  The
Motions for Continuance and Extension of Dismissal Date

          In
his first issue, Father argues that the trial court abused its discretion by denying
his motion for continuance and his motion for an extension of the dismissal
date.  To determine whether a trial court abused its discretion, we must decide
whether the trial court acted without reference to any guiding rules or
principles; in other words, we must decide whether the act was arbitrary or
unreasonable.  Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007);
Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004).  An appellate court
cannot conclude that a trial court abused its discretion merely because the
appellate court would have ruled differently in the same circumstances.  E.I.
du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995); see
also Low, 221 S.W.3d at 620.

On
December 1, 2010, six days before trial, Father filed a motion for
continuance.  Father claimed only that he “need[ed] time to complete services
and be part of his children’s li[ves]” and that the continuance “is not sought
solely for delay but that justice may be done.”  Texas Rule of Civil Procedure
251 states that no continuance will be granted “except for sufficient cause
supported by affidavit, or by consent of the parties, or by operation of law.” 
Tex. R. Civ. P. 251.  A trial court is presumed to have correctly exercised its
discretion when it denies a motion that does not comply with the requirements
of Rule 251.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).

Father’s
motion for continuance was not supported by affidavit, and he does not argue
that the other parties consented to a continuance or that under some other
operation of law a continuance was required.  The trial court did not abuse its
discretion in denying Father’s motion for continuance.  See In re
C.P.V.Y., 315 S.W.3d 260, 270 (Tex. App.—Beaumont 2010, no pet.) (presuming
that the trial court did not abuse its discretion by denying a motion for
continuance that was not supported by affidavit); In re Z.C., 280 S.W.3d
470, 478 (Tex. App.—Fort Worth 2009, pet. struck) (holding that because a motion
for continuance was unsworn and unsupported by affidavit, “under the plain
language of the rule, the trial court was without discretion to grant it”).

Also
on December 1, 2010, Father filed a motion requesting an extension of the
dismissal date.  Section 263.401 of the family code requires that the trial
court dismiss the suit affecting the parent-child relationship after one year
unless trial has commenced or the court has granted an extension.  Tex. Fam.
Code Ann. § 263.401(a) (West Supp. 2010).  Section 263.401(b) also requires the
moving party to prove (1) “that extraordinary circumstances necessitate the
child remaining in the temporary managing conservatorship of the department”
and (2) that continuing the appointment of the department as temporary managing
conservator is in the best interest of the child.  Id. § 263.401(b).  The
dismissal date for this case was set for December 27, 2010.  In his motion,
Father argued only that “[t]he circumstances of the case and the needs of the
children are such that it would not be in the best interest of the children to
dismiss the suit or to render final orders” and that an extension would be “in
the best interest of the children.”

Father
did not testify at the hearing and there is no affidavit in the record
demonstrating any extraordinary circumstances that would support an extension.  See
In re D.K., No. 02-09-00117-CV, 2009 WL 5227514, at *2 (Tex. App.—Fort
Worth Dec. 31, 2009, no pet.) (mem. op.) (holding that trial court did not
abuse its discretion by denying appellant’s motion for extension when she
presented no evidence in support); see also In re Z.J.C., No.
10-09-00026-CV, 2009 WL 2179976, at *5 (Tex. App.—Waco July 22, 2009, no pet.)
(noting that the appellant could not show harm by court’s denial of her motion
for continuance because she “never alleged in her motion for continuance, her
motion for new trial, or in her brief on appeal how much time she needed or
what other resources could have been discovered had she had additional time to
prepare for trial”). At the hearing on the motion, Father’s trial counsel
stated that the extension was needed so that Father could complete his
services.  The Department objected to an extension because Father had more than
ample opportunity to begin his services.  Father’s attorney claimed that all of
the parenting classes offered in Father’s vicinity were booked.  This does not
explain his failure to complete any of his other services, including drug assessment,
anger management courses, psychological evaluation, or counseling.  “We have
repeatedly held that when a parent, through his or her own choices, fails to
comply with a service plan and then at the time of the termination trial
requests a continuance or an extension of the statutory dismissal deadline in
order to complete the plan, the trial court does not abuse its discretion by
denying the continuance or extension.”  In re K.P., No. 02-09-00028-CV,
2009 WL 2462564, at *4 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op.). 
Father failed to prove any extraordinary circumstances that would warrant an
extension.  The trial court did not abuse its discretion in denying Father’s motion
for an extension.  Father would not prevail on his first issue.

          2.
 Sufficiency of the Evidence

          In
his fourth, fifth, and sixth issues, Father complains that the evidence
presented at trial is legally and factually insufficient to support the trial
court’s termination of his parental rights under section 161.001 of the family
code.

In
proceedings to terminate the parent-child relationship brought under section
161.001 of the family code, the petitioner must establish one ground listed
under subsection (1) of the statute and must also prove that termination is in
the best interest of the child.  Tex. Fam. Code Ann. § 161.001; In re J.L.,
163 S.W.3d 79, 84 (Tex. 2005).  Both elements must be established; termination
may not be based solely on the best interest of the child as determined by the
trier of fact.  Tex. Dep’t of Human Servs. v. Boyd, 727 S.W.2d 531, 533
(Tex. 1987).  In this case, the Department alleged proof under subsections (B)
and (N) of section 161.001 of the family code as to Father.[6] 
Section (B) states that the court may order termination of the parent-child
relationship if the court finds that the parent has “voluntarily left the child
alone or in the possession of another not the parent without expressing an
intent to return, without providing for the adequate support of the child, and
remained away for a period of at least three months.”  Tex. Fam. Code Ann. §
161.001(1)(B) (West 2008).  Section (N) allows for termination if the parent
has

constructively
abandoned the child who has been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services or an
authorized agency for not less than six months, and:

(i)  the
department or authorized agency has made reasonable efforts to return the child
to the parent;

(ii)  the
parent has not regularly visited or maintained significant contact with the
child; and

(iii)  the
parent has demonstrated an inability to provide the child with a safe
environment.

 

Id. § 161.001(1)(N).

 

In
reviewing the evidence for legal sufficiency in parental termination cases, we
must determine whether the evidence is such that a factfinder could reasonably
form a firm belief or conviction that the grounds for termination were proven. 
In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).  We must review all the
evidence in the light most favorable to the finding and judgment.  Id. 
This means that we must assume that the factfinder resolved any disputed facts
in favor of its finding if a reasonable factfinder could have done so.  Id. 
We must also disregard all evidence that a reasonable factfinder could have
disbelieved.  Id.  We must consider, however, undisputed evidence even
if it is contrary to the finding.  Id.  That is, we must consider
evidence favorable to termination if a reasonable factfinder could, and
disregard contrary evidence unless a reasonable factfinder could not.  Id.

We
must therefore consider all of the evidence, not just that which favors the
verdict.  Id.  But we cannot weigh witness-credibility issues that
depend on the appearance and demeanor of the witnesses, for that is the
factfinder’s province.  Id. at 573–74.  And even when credibility issues
appear in the appellate record, we must defer to the factfinder’s determinations
as long as they are not unreasonable.  Id. at 573.

In
reviewing the evidence for factual sufficiency, we must give due deference to
the factfinder’s findings and not supplant the judgment with our
own.  In re H.R.M., 209 S.W.3d 105, 108 (Tex. 2006).  We must determine
whether, on the entire record, a factfinder could reasonably form a firm
conviction or belief that Father violated subsections (B) or (N) of section
161.001(1).  Tex. Fam. Code Ann. § 161.001; C.H., 89 S.W.3d at 28.  If,
in light of the entire record, the disputed evidence that a reasonable
factfinder could not have credited in favor of the finding is so significant
that a factfinder could not reasonably have formed a firm belief or conviction
in the truth of its finding, then the evidence is factually insufficient.  H.R.M.,
209 S.W.3d at 108.

In
his fourth issue, Father argues that there is legally and factually insufficient
evidence to support a finding that he left the children in the possession of
the Browns without expressing an intent to return.[7]  See
Tex. Fam. Code Ann. § 161.001(1)(B).

Brown
testified that Father was aware that the Department had placed the children
with the Browns and that Father indicated that he wanted the children to live
with the Browns.  Scott testified that Father was aware that the Department had
been trying to find him for months but Father chose not to contact the
Department.  Father did express to Scott an interest in visiting his daughters
on Ginny’s birthday, but he later told Scott that a family wedding would
prevent him from travelling, and he never made any other plans to travel to
Texas.  He never visited the children or sent any presents.  Father never wrote
or called his daughters, despite being told by Scott that he could.  When
Father called the Browns to request a blood test, he did not ask to speak to
the children and said nothing about wishing to see them.  Mr. Brown testified
that Father has not shown any interest in seeing the children since they have
been in the Browns’ care.  Father never expressed to Mr. Brown an intent to
return for his children.  Father never provided the Browns with financial
support for his children.

There
was no evidence that Father was interested in gaining custody of the children,
moving to Texas to be with the children, or bringing the girls to Missouri. 
The evidence supports the trial court’s inherent finding that Father had no
plans for a permanent reunification with his children.  One suggestion of a
single visit that was never followed through on is not an expression of an
intent to return.  A factfinder could have reasonably formed a firm conviction
that Father voluntarily left the children in the Browns’ possession without
expressing an intent to return.  We hold there is legally and
factually sufficient evidence to support termination under subsection (B).  Father
would not prevail on his fourth issue.

Along
with a best interest finding, a finding of only one ground alleged under
section 161.001(1) is necessary to support a judgment of termination.  See
Tex. Fam. Code Ann. § 161.001.  Thus, even if we were to hold that Father could
prevail under his sixth issue (that there was insufficient evidence to support
termination under subsection (N)), because the judgment could be supported
under subsection (B), we need not address Father’s sixth issue.  See
Tex. R. App. P. 47.1; see also In re E.M.N., 221 S.W.3d 815, 821 (Tex.
App.—Fort Worth 2007, no pet.); In re S.B., 207 S.W.3d 877, 886
(Tex. App.—Fort Worth 2006, no pet.).

          Having
determined that Father would not have prevailed on any of the issues he would
have brought had he timely filed a statement of points, we hold that Father
failed to demonstrate that his trial counsel’s failure to file a statement of
points prejudiced his defense and deprived him of a fair trial.  See Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.  We overrule Father’s second issue.

Because
Father did not file a statement of issues, he has forfeited the issues raised
in his first, fourth, fifth, and sixth points.  See Tex. Fam. Code Ann.
§ 263.405(i); In re J.H.G., 302 S.W.3d 304, 306 (Tex. 2010).  We
overrule those issues.

B.  Motion
to Extend the Deadline to File a Statement of Points

          In
his third issue, Father argues that the trial court abused its discretion in
denying his motion to extend the deadline to file a statement of points.

The
trial court signed the final order of termination on December 7, 2010.  Father
filed his motion for new trial and notice of appeal on January 6, 2011.  He did
not file a statement of points with his notice of appeal.  On January 19, 2011,
Father filed an amended motion for new trial and a motion to extend the
deadline to file a statement of points, which the trial court denied.

A
party wishing to appeal a termination order must file with the trial court a
statement of points on which the party intends to appeal within fifteen days
from the day the order was signed.  Tex. Fam. Code Ann. § 263.405(b).  A trial
court may grant a motion to extend the deadline to file a statement of points
if the movant shows good cause for his failure to timely file and the new
deadline is within thirty days of the termination order.  Tex. R. Civ. P. 5; In
re M.N., 262 S.W.3d 799, 803 (Tex. 2008).  The motion itself was not filed
within thirty days of the termination order.  The trial court did not abuse its
discretion by denying the late-filed motion.  However, even if the trial court
abused its discretion in denying Father’s motion, Father cannot show harm
because, as discussed above, Father would not have prevailed on appeal.  See
Tex. R. App. P. 44.1(a).  We overrule Father’s third issue.

Conclusion

          Having
overruled Father’s six issues, we affirm the judgment of the trial court.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
McCOY,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  October 6, 2011








 









[1]See Tex. R. App. P. 47.4.





[2]We use aliases for the
children and the parents and foster parents throughout this opinion.  See
Tex. R. App. P. 9.8(b)(2).





[3]The parental rights of the
girls’ mother were terminated earlier in this case by an interlocutory order on
October 27, 2010.  The mother has not appealed the termination of her rights
and is not a party to this appeal.





[4]A claim of ineffective
assistance of counsel in a parental rights termination case may be brought on
appeal despite a failure to file a statement of points.  In re J.O.A.,
283 S.W.3d 336, 339 (Tex. 2009).





[5]Father never filed a
statement of points, even an untimely one.  However, he argued in his first
amended motion for new trial and in his first, fourth, fifth, and sixth issues
on appeal that the evidence was legally and factually insufficient to support
the termination of his rights and that the denial of his motion for a
continuance and the denial of his motion for an extension of the dismissal date
precluded him from presenting evidence necessary for his defense.  Because he
does not claim that he would have raised any other issues in his statement of
points besides those he attempts to raise now on appeal, we will assume for the
purposes of our evaluation under Strickland that these would be the
issues he would have raised.





[6]In his fifth issue, Father
claims that the trial court found that Father “voluntarily left the child[ren]
alone or in the possession of another without providing adequate support of the
child[ren] and remained away for a period of at least six months.”  Tex. Fam.
Code Ann. § 161.001(1)(C).  However, it does not appear that the trial court
made such a finding or terminated Father’s parental rights under this
subsection.  We need not address Father’s fifth issue.





[7]Subsection (B) also
requires evidence that Father did not provide “for the adequate support of the
child, and remained away for a period of at least three months,” see
Tex. Fam. Code Ann. § 161.001(1)(B), but Father does not challenge those
findings in his argument on appeal.