# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-16-00311-CV
---

**R. D., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-FM-15-004010, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

After a jury trial, the district court signed a final decree terminating R.D.'s parental rights to his children E.M.D., E.L.D., I.D. and J.D.,[1] concluding that R.D. committed acts and omissions justifying termination of his parental rights and that termination of R.D.'s parental rights was in the children's best interest. *See* Tex. Fam. Code § 161.001(1)(D), (E), (F), (O), (Q), (2). R.D. appealed.

R.D.'s court-appointed appellate counsel has filed a brief that discusses the record, the elements of the cause of action, and the standard of review and determined that R.D. has no arguable grounds for appeal and that this appeal is wholly frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); *see also*

---

[1] We use fictitious initials for the children with the same initials.

*Taylor v. Texas Dep't of Prot. & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights).

R.D. filed a pro se brief, contending that his counsel provided ineffective assistance, that the district court improperly considered evidence of prior acts or omissions, and that res judicata barred the instant suit. R.D. contends that his counsel was ineffective in failing to call certain witnesses, but he does not state what testimony they would have provided or show that the evidence he would have presented would have made a difference in the outcome of the trial. *See In re A.C.M.*, No. 05-15-01069-CV, 2016 Tex. App. LEXIS 1807, at *5-6 (Tex. App.—Dallas Feb. 22, 2016, no pet.) (mem. op.). R.D. also contends that his counsel was ineffective in failing to file a motion for new trial challenging the factual sufficiency of the evidence, but he presents no argument showing that the evidence at trial was factually insufficient to support the termination of his parental rights. *See Robinson v. Dep't of Family & Protective Servs.*, 317 S.W.3d 410, 411-12 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

R.D. further contends that the district court improperly considered evidence of prior acts or omissions from a 2013 bench trial resulting in the termination of his parental rights to the children (that order was reversed on appeal). *See In re E.D.*, 419 S.W.3d 615, 622 (Tex. App.—San Antonio 2013, pet. denied). However, under section 161.004(b) of the Texas Family Code, trial courts may consider events predating an order denying termination of parental rights in a subsequent termination hearing. *See* Tex. Fam. Code § 161.004(b).[2] In R.D.'s view, section 161.004 does not

---

[2] Under section 161.004(a), a court may terminate the parent-child relationship after rendition of an order that previously denied termination if: (1) a petition under this section is filed after the order denying termination; (2) there has been a material and substantial change in

apply here because the order from the prior trial did not "deny" termination of his parental rights. This contention overlooks the judgment rendered in his favor on appeal, specifying that the Department's petition requesting termination of his parental rights was denied. *See In re E.D.*, 419 S.W.3d at 622.

Lastly, R.D. contends that the instant suit is barred by res judicata because the petition seeking termination in the instant suit presents "identical" claims to those in the prior termination suit. However, as R.D.'s counsel acknowledged, the instant suit contained an additional allegation pertaining to R.D.'s criminal convictions that was not in the prior suit. *See* Tex. Fam. Code § 161.001(1)(Q). Further, res judicata did not bar the instant suit because section 161.004 authorizes trial courts to consider events predating the order denying termination in a subsequent termination hearing. *See In re N.R.T.*, 338 S.W.3d 667, 678-79 (Tex. App.—Amarillo 2011, no pet.) (citing Tex. Fam. Code § 161.004). The issues in R.D.'s brief do not present a ground for reversing the final decree of termination or reveal any non-frivolous ground for appeal.

Having thoroughly reviewed the record and the briefs before us, we agree with counsel's assessment that the appeal is frivolous and without merit. We affirm the district court's final decree of termination.

---

circumstances of the child, parent, conservator, or other party affected by the order denying termination, (3) a parent committed an act listed under section 161.001 (providing grounds for termination) before the date the order denying termination was rendered; and (4) termination is in the best interest of the child. Tex. Fam. Code § 161.004(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   October 26, 2016