Lydia SOSA, Individually and As Next Friend of Andres Sosa, Cynthia Sosa, and Robert Sosa, Minor Children, and Jesse Sosa, Petitioners,

v.

CENTRAL POWER & LIGHT and Houston Lighting & Power Company, Respondents.

No. 95–0834.

Supreme Court of Texas.

Nov. 16, 1995.

Eugene Z. DuBose, Dallas, Hugo Xavier De Los Santon, San Antonio, for Petitioners.

F. Walter Conrad, Jr., Houston, John H. McLeod, Austin, Kevin M. Sadler, Austin, Richard T. McCarroll, Austin, Kay Andrews, Austin, J. Clifford Gunter, III, Houston, Larry F. York, Austin, Vernon B. Hill, Jr., McAllen, Allen B. Odum, Edinburg, Marc F. Wiegand, Houston, Michelle A. Blaine, Houston, John T. Dailey, San Antonio, for Respondents.

## PER CURIAM.

This case involves the construction of Rule 63 of the Texas Rules of Civil Procedure. The question is whether Rule 4 governs the computation of the time period in Rule 63. Rule 63 provides that an amended pleading requires leave of court if it is filed within seven days of trial. Because we conclude Rule 4 does govern, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings. TEX.R.APP.P. 170.

Lydia Sosa and her children sued Central Power & Light, Houston Lighting & Power Company, and General Electric for the wrongful death of Lydia's husband, Clemente M. Sosa, Jr. Sosa died from liver disease allegely caused by exposure to toxic chemicals during the 1970s while he was employed by the defendants. The plaintiffs' first amended original petition alleged that Sosa was in good physical health before Central Power's wrongful conduct, but had been incapacitated from the date of his injuries until the date of his death approximately twenty years later. The defendants filed a motion for summary judgment asserting that the Sosas' claims were barred by the statute of limitations, and relying on the factual admissions in the Sosas' pleadings.

The summary judgment hearing was scheduled for November 17, 1993. Without first obtaining leave of court, the Sosas filed their second amended original petition on November 10, 1993. This amended petition deleted the factual allegations forming the basis of the defendants' motion for summary judgment and added the allegation that Sosa neither discovered nor should have discovered the nature of his injury until less than six months before his death. The defendants filed a motion to strike the amended petition. They asserted that Rule 63 required a party to obtain leave to amend if the amendment is filed seven days or less before the date of trial, excluding the date of filing.

At the summary judgment hearing, the Sosas made their first motion for leave to amend even though they argued that the amended petition was timely filed. The trial court granted the defendants' motion to strike the amendment, thus leaving the Sosas' first amended original petition as their only live pleading. Accordingly, the trial court granted the defendants' motion for summary judgment based on the factual admissions in the first amended petition. The court of appeals affirmed. 901 S.W.2d 562. We reverse.

Rule 63 of the Texas Rules of Civil Procedure states that "any pleadings, responses or pleas offered for filing *within seven days of the date of trial* or thereafter ... shall be filed only after leave of the judge is obtained." TEX.R.CIV.P. 63 (emphasis added). This Court's comment to the rule more clearly states our intent to authorize amendment without leave of court if it is filed "seven days or more before the date of trial." *Id.* cmt.

■ We have never specifically dealt with how the time period prescribed in Rule 63 should be computed. However, in an opinion not cited by the court of appeals, we emphasized that Rule 4 "applies to *any* period of time prescribed by the rules of procedure." *Lewis v. Blake,* 876 S.W.2d 314, 316 (Tex.1994) (emphasis in original).

Rule 4 provides:

In computing any period of time prescribed or allowed by [the Texas Rules of Civil Procedure], ... the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included.

TEX.R.CIV.P. 4. Under our facts, the Sosas filed their second amended original petition exactly one week before a scheduled summary judgment hearing. When Rule 4 is applied, the day on which the Sosas filed their amendment is not counted but the seventh day after it was filed is counted. This latter day is November 17, 1993. As we held in *Lewis,* the last day counted from the date of the filing may be the date of the hearing. *Lewis,* 876 S.W.2d at 316. Therefore, the Sosas timely filed their second amended original petition.

A number of courts of appeals have held that Rule 63 requires seven days to elapse between the date of filing and the date of hearing. *Volvo Petroleum, Inc. v. Getty Oil Co.,* 717 S.W.2d 134, 137 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Sweeny Bank v. Ritchie, Hopson & Assocs., Inc.,* 628 S.W.2d 175, 176 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Dillingham v. Lynch,* 516 S.W.2d 694, 704 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.); *Oehler v. Oehler,* 422 S.W.2d 240, 244 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.). To the extent these cases hold contrary to our decision today, they are disapproved.

■ Because the Sosas timely filed their second amended original petition, it superseded their first amended original petition containing the statements on which the defendants based their motion for summary judgment. Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions. *Drake Ins. Co. v. King,* 606 S.W.2d 812, 817 (Tex.1980). Therefore, the basis for the defendants' motion no longer existed and summary judgment was improper.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this Court, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to the trial court for further proceedings. TEX.R.APP.P. 170.