**Gretchen GLASSCOCK, Appellant,**

v.

**FROST NATIONAL BANK, Appellee.**

No. 04–95–00343–CV.

Court of Appeals of Texas,
San Antonio.

June 19, 1996.

Rehearing Overruled July 31, 1996.

Peter Torres, Jr., Law Office of Peter Torres, Jr., P.C., San Antonio, for appellant.

Arch G. Adams, LeLaurin & Adams, P.C., San Antonio, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

HARDBERGER, Justice.

The primary issue in this case is whether an amended response to summary judgment filed exactly one week before the hearing was timely filed. Frost National Bank (the "Bank") argues that seven days must elapse between the date of filing the response and the date of the hearing. Glasscock argues that the seven day period may include the hearing date. The Texas Supreme Court answered this question in *Sosa v. Central Power & Light,* 909 S.W.2d 893 (Tex. 1995). The Supreme Court's holding in *Sosa* decides this appeal in Glasscock's favor. We reverse and remand.

This is an appeal from the granting of a summary judgment in favor of the Bank. The Bank sued Glasscock on a promissory note. Glasscock answered. The Bank filed a motion for summary judgment. The Bank's motion for summary judgment was set to be heard on Friday, January 13, 1995. Glasscock filed her first amended answer and response to motion for summary judgment on Friday January 6, 1996, exactly one week before the hearing. On February 3, 1995, the trial court denied Glasscock's motion to permit late filing of the summary judgment response and affidavit. The court granted the Bank's summary judgment motion by order signed on February 10, 1995.

In her first amended answer, Glasscock alleged failure of consideration for the note. She said she was being held personally liable for the underlying debt of a Mexican corporation, and that her signature on the note was procured by fraud and duress. She said that one Mike Simpson, a bank employee, induced her to sign the note by representing that she was not personally liable for the debts of the Mexican Corporation. In her affidavit, Glasscock attested that she signed the note of January 8, 1992 (on which judgment was granted), but she signed it under coercion because Simpson, an employee of the bank, told her she had to sign it or she

would be personally sued. Glasscock also alleged that the bank told her it would not hold her personally liable without first going after the corporation.

## Sufficiency of the Motion for Summary Judgment

In her first point of error, Glasscock alleges that the Bank's summary judgment proof was not legally sufficient. The Bank's summary judgment proof consisted of two affidavits with one exhibit which was a sworn and certified copy of a promissory note. The affidavit of Simpson was offered to establish the genuineness and admissibility of the sworn and certified copy of the promissory note. The note itself was a part of the summary judgment evidence. Simpson's affidavit also established the identity of the owner and holder of the note which Glasscock had executed. Simpson's affidavit also established that there were sums due and owing on the note.

■ Testimony in an affidavit that a particular person or entity owns a note is sufficient to conclusively establish ownership even in the absence of supporting documentation if there is no controverting summary judgment evidence. *First Gibraltar Bank, FSB v. Farley,* 895 S.W.2d 425, 428 (Tex. App.—San Antonio 1995, writ denied); *Christian v. University Federal Savings,* 792 S.W.2d 533, 534 (Tex.App.—Houston [1st Dist.] 1990, no writ). A photocopy of a note attached to the affidavit of the holder, who swears that it is a true and correct copy of the note, is sufficient as a matter of law to prove the status of owner and holder of a note absent controverting summary judgment evidence. *Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983); *First Gibraltar Bank,* 895 S.W.2d at 428. The rendition of summary judgment was proper in this case unless a written response with proper summary judgment evidence raising a genuine issue of material fact was timely filed. Glasscock's first point of error is overruled.

## Timeliness of the Response

■ In her second point of error, Glasscock argues that the summary judgment should not have been granted because there were genuine issue of material fact raised by her response to the Bank's summary judgment. In her third point of error, Glasscock alleges that the trial court erred in not allowing or in not considering her response to the motion for summary judgment which was filed seven days before the hearing.

The Bank characterizes this as the "sharp issue of this appeal." We agree. Glasscock filed her response exactly seven days before the hearing (Friday to Friday). The seven days do not include the date the response was filed but do include the hearing date. The Bank argues that the seven days must elapse between the date of the filing and the date of the hearing. That is, the hearing date cannot be included as one of the seven days provided for in the rule. The Texas Supreme Court recently answered this question in *Sosa v. Central Power & Light,* 909 S.W.2d 893 (Tex.1995). Prior to *Sosa* the courts of appeals had split on the issue. Relying on Texas Rule of Civil Procedure 4, the Supreme Court held that "the last day counted from the date of the filing may be the date of the hearing." *Id.* at 895. The Supreme Court overruled the cases which held that seven days must elapse between the filing date and the hearing date. Glasscock's response to the summary judgment was timely filed. The only issue remaining is whether Glasscock's response raised a genuine issue of material fact.

The Bank, in its brief to this court, does not argue that the response fails to raise a material fact issue. In fact, during oral argument the Bank conceded that if the response were considered timely filed it would raise a material fact issue. We agree. Glasscock's response and accompanying affidavit raises the affirmative defense of duress. She alleges that she was coerced into signing the note by an employee of the bank. She says she was threatened with a lawsuit and personal liability for the debts of the Mexican corporation in question. This evidence, while slim, raises the issue of duress. Because Glasscock raised a genuine issue of material fact on duress in her timely filed response, the summary judgment is erroneous. *See Windham v. Alexander, Weston & Poehner,* 887 S.W.2d 182, 185 (Tex.App.—Texarkana

1994, writ denied). We sustain Glasscock's second and third points of error.

We reverse the judgment of the trial court and remand this case back to that court for further proceedings.