NUMBER 13-99-687-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


NANCY LYNN BIRRAN 

AND DALE BIRRAN, Appellants,


v.



GEORGE R. NEELY AND 

LAW OFFICES OF GEORGE

R. NEELY, P.C., Appellees.

____________________________________________________________________


On appeal from the 215th District Court of Harris County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Seerden(1)


Opinion by Justice Yañez





 Appellants, Nancy and Dale Birran, challenge a summary
judgment granted in favor of appellees, George R. Neely and the Law
Offices of George R. Neely, P.C. (Neely). We reverse and remand.

Background

 The Birrans hired Neely to represent them in a lawsuit filed by Don
Wetzel & Associates, P.C., and Don A. Wetzel, individually ("Wetzel"). 
This lawsuit (the "Wetzel suit") was ultimately settled in January of
1993. As part of the settlement, a piece of property located at 11818
South Marianne, Houston, Texas, ("the property") was to be sold, with
the proceeds to be used to pay the settlement award to Wetzel and also
part of Neely's fees. Following the settlement of the Wetzel suit, a
dispute arose between Neely and the Birrans over Neely's fees for his
representation in that suit. On March 18, 1994, Neely filed suit against
the Birrans and Don A. Wetzel, alleging a variety of causes of action,
including trespass to try title, quantum meruit, breach of contract, and
negligence. The claims against Wetzel were subsequently dismissed
by summary judgment. 

 On March 4, 1999, Neely filed a motion seeking a summary
judgment on his claims for attorneys fees against the Birrans. The
Birrans filed a response to the motion for summary judgment. The trial
court granted summary judgment for Neely on March 29, 1999. On
April 7, 1999 the trial court issued an order dismissing all of Neely's
remaining claims against the Birrans and stating that the March 29,
1999 judgment "shall proceed to become the Final Judgment of this
Court." The Birrans now appeal from the summary judgment with four
issues, arguing that: 1) genuine issues of material fact exist, thus
precluding summary judgment; 2) the exhibits attached to Neely's
affidavit in support of his motion for summary judgment constitute
inadmissible hearsay; 3) there are conflicts contained in the evidence
supporting the summary judgment motion; and 4) the Birrans raised an
affirmative defense that prevented summary judgment.

Summary Judgment Standard of Review

 In a traditional summary judgment proceeding, the standard of
review on appeal is whether the movant at the trial level carried the
burden of showing that no genuine issue of material fact existed and
that judgment should be granted as a matter of law. American Tobacco
Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr.
Property Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). The
question on appeal is not whether the summary judgment proof raises
fact issues as to the required elements of the movant's cause or claim,
but whether the summary judgment proof establishes, as a matter of
law, that there is no genuine issue of material fact as to one or more
elements of the movant's cause or claim. Gibbs v. General Motors
Corp., 450 S.W.2d 827, 828 (Tex. 1970); Noriega v. Mireles, 925
S.W.2d 261, 266 (Tex. App.--Corpus Christi 1996, writ denied). In
resolving the issue of whether the movant has carried this burden, all
evidence favorable to the non-movant must be taken as true and all
reasonable inferences, including any doubts, must be resolved in the
non-movant's favor. Nixon, 690 S.W.2d at 548-49; Noriega, 925
S.W.2d at 266. A party relying on an affirmative defense to
oppose a summary judgment must come forward with summary
judgment evidence sufficient to raise an issue of fact on each element
of the defense to avoid summary judgment. Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984); Southern County Mut. Ins. Co. v. Ochoa,
19 S.W.3d 452, 464 (Tex. App.--Corpus Christi 2000, no pet.).

 In their response to Neely's motion for summary judgment, the
Birrans raised the defense of payment. Neely argues that the Birrans'
response was untimely filed, and should not be considered.

Timeliness of the Birrans' Response 

to Neely's Motion for Summary Judgment


 The Birrans' response was filed on March 22,1999. The hearing
on Neely's summary judgment motion was held on March 29, 1999. 
A response to a motion for summary judgment must be filed "not later
than seven days prior" to the day of the hearing. Tex. R. Civ. P. 166a(c). 
When computing a time period prescribed or allowed by the rules of
civil procedure, "the day of the act . . . after which the designated time
period begins to run is not to be included;" however, the "last day of
the period so computed is to be included." Tex. R. Civ. P. 4. The
Birrans' response was timely filed. See Sosa v. Central Power & Light,
909 S.W.2d 893, 895 (Tex. 1995) (petition filed on November 10 was
timely under seven day time period when trial was held on November
17).




The Birrans' Affirmative Defense

 In their fourth issue on appeal, the Birrans argue that their
affirmative defense of payment prevented summary judgment. In their
response, the Birrans argued that they had transferred a house to Neely
that was valued at more than the amount of the fees that Neely claimed
were owed by the Birrans. 

 When the trial court ruled on Neely's motion for summary
judgment it had before it the evidence attached to the motion as well as
the evidence attached to the Birrans' response. We will first summarize
the relevant evidence attached to the Birrans' response, then the
evidence attached to Neely's motion.

The Birrans' Evidence

 Attached to the response was a warranty deed, executed by Lynn
Birran granting the property to "Sharon A. Farmer, Trustee." This deed
was filed with the Harris County clerk on January 11, 1993. A
quitclaim deed shows the property being quitclaimed by Sharon
Farmer, Trustee, with the "Law Offices of George R. Neely, P.C." listed
as grantee. The quitclaim deed was filed with the Harris County clerk
on April 22, 1993. A letter from George Neely to a mortgage company,
dated April 22, 1993, describes Sharon Farmer as "trustee for the Law
Offices of George R. Neely, P.C." and states that the quitclaim deed
conveys title to the "Law Offices of George R. Neely, P.C." In a notice
of lis pendens dated October 7, 1993, Neely asserts that the property
was "conveyed to George R. Neely as security for fees incurred in the
trial below and to which George Neely and/or the Law Offices of George
R. Neely, P.C. claim title."

 Also attached to the response is a letter, dated October 21, 1993,
from Wetzel's law firm to the person renting the property, in which it
is clear that Wetzel also claims ownership in the property. The letter
offers to sell the property for $60,000. An appraisal from the Fort Bend
Appraisal District shows the property valued at $50,670.

Neely's Evidence

 The evidence attached to Neely's motion for summary judgment
included an affidavit, in which Neely states that the Birrans owe him
$33,679.78 for his representation of them in the Wetzel lawsuit. An
invoice shows the Birrans were billed $33,679.78 for Neely's
representation. In the reporter's record for the hearing on the
settlement agreement in the Wetzel lawsuit, which was attached in its
entirety, Neely states "we are going to take [the property] and we are
going to sell that house and use the proceeds from that to pay Mr.
Wetzel." Neely further states that the Birrans "have transferred [the
property] to secure my payment of attorneys fees, so the title is no
longer in their name[.]" The money that was to be paid to Wetzel(2)
would be paid from the proceeds of the sale, before deducting any of
the fees owed to Neely. An attached bankruptcy document shows that
Neely listed the property as an asset in a bankruptcy proceeding in
1997.


Analysis

 The evidence in the record demonstrates that there is a fact
question as to the ownership of the property. The deeds show that an
interest in the property was conveyed to the Law Office of Robert R.
Neely in 1993. The notice of lis pendens as well as statements made
by Neely show that Neely asserted that the property had been conveyed
to him to pay, at least in part, the fees owed by the Birrans. Neely's
own evidence, in the form of his bankruptcy documents in which he
lists the property as an asset, raises the inference that he owns the
property. The evidence in the record raises a question of fact as to
whether the property conveyed is owned by Neely. The evidence in the
record shows that the lowest value placed on the property is $50,670,
an amount in excess of the $33,679.78 that Neely alleges is owed to
him by the Birrans. The Birrans produced summary judgment evidence
sufficient to raise an issue of fact on their affirmative defense of
payment. The Birrans have brought forward sufficient evidence to raise
a fact question about whether they conveyed to Neely property greater
in value than the fees they owed, thus paying their alleged debt to
Neely.

 We sustain Issue number four. Because this issue is dispositive,
we do not address the remaining issues on appeal. Tex. R. App. P. 47.1. 
The judgment of the 




trial court is REVERSED and REMANDED for further proceedings
consistent with this opinion.


 
 

 LINDA REYNA YAÑEZ

 Justice




Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

26th day of April, 2001.

1. Retired Chief Justice Robert Seerden assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998).
2. The judgment in the Wetzel suit ordered that Wetzel be paid the principal and
interest accrued on a $35,000 loan made by Wetzel to Birran on July 30, 1984, at a
14% interest rate.