

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00052-CV

_____

**LEE HOMES OF LIMESTONE COUNTY, INC.,
JAMES LEE AND MARSHA LEE,**

                                                            **Appellants**

 **v.**

**FIRST NATIONAL BANK, GROESBECK, TEXAS,
BILL SADLER, BILL DAVID SADLER,**

                                                            **Appellees**

_____

**From the 77th District Court
Limestone County, Texas
Trial Court No. 30,051-A**

_____

## MEMORANDUM OPINION

_____

Lee Homes of Limestone County, Inc. and James and Marsha Lee filed suit against First National Bank, Groesbeck, Bill Sadler, Bill David Sadler, and Bobby Reed alleging breach of contract, fraud, and breach of the duty of good faith and fair dealing.[1] First National Bank and the Sadlers filed a traditional motion for summary judgment. After a

---

[1] Bobby Reed was dismissed from this appeal by order of this Court on August 14, 2014.

hearing, the trial court granted the motion and entered judgment dismissing the claims with prejudice and ordering that Lee Homes and James and Marsha Lee take nothing on their claims against First National Bank and Bill Sadler and Bill David Sadler. We affirm.

## Background Facts

On May 27, 2008, Lee Homes obtained a loan from First National Bank, Groesbeck, in the amount of $246,934.00 to purchase Lot 13 in the Social Circle Subdivision and build a "spec" home on that lot. Bill Sadler was the President of First National Bank at that time, and Bill David Sadler was the Assistant Vice-President. The loan was secured by a deed of trust and a security interest in Lot 13 and the "spec" home. When the home was near completion, Lee Homes discovered that part of the house was on the property of Lot 14 which was owned by someone else. On November 17, 2008, Lee Homes borrowed $62,194.82 from First National Bank to purchase Lot 14, and the loan was secured by a deed of trust and security interest in Lot 14.

After obtaining the second loan, Lee Homes did not have enough funds to complete the "spec" home. Lee Homes sought an additional loan from First National Bank, but the bank refused to loan the company any more money. James and Marsha Lee took out a home equity loan on their 23 acre tract for $44,000 to complete the "spec" home. The home did not sell right away, and Lee Homes was unable to make payments to First National Bank on the first and second loans. Lee Homes deeded the property to the bank in lieu of foreclosure, and the bank later sold the home. James and Marsha Lee had trouble making the payments on the home equity loan, and they sold the 23 acre tract to pay off that loan.

## Amended Pleadings

In the first and second issues, Appellants argue that the trial court erred in allowing Appellees to file amended pleadings. We review the trial court's decision on whether to allow the amendment of pleadings under an abuse-of-discretion standard. *Air Products and Chemicals, Inc. v. Odfjell Seachem A/S*, 305 S.W.3d 87, 92 (Tex.App.-Houston [1 Dist.] 2009, no pet.).

Appellants filed suit on December 12, 2012, and Appellees filed a general denial answer on February 1, 2013. On November 26, 2013, Appellees filed their traditional motion for summary judgment asserting the statute of limitations and the statute of frauds. On January 10, 2014, Appellees filed their First Amended Original Answer and Affirmative Defenses that pleaded the defenses of statute of limitations and statute of frauds. On January 17, 2014, the trial court held a hearing on the motion for summary judgment.

At the hearing, Appellants argued that the amended answer was not timely filed pursuant to Rule 63 of the Texas Rules of Civil Procedure. A party may not file an amended pleading within seven days of trial or thereafter without obtaining leave of court. TEX. R. CIV. P. 63. The court shall grant leave to amend unless there is a showing that the amendment will operate as a surprise to the opposing party. TEX. R. CIV. P. 63. Appellees argued that the amended answer was timely filed citing *Sosa v. Central Power & Light*, 909 S.W.2d 893 (Tex. 1995) as authority. However, in an abundance of caution, Appellees presented the trial court with a proposed order granting leave to amend their answers, and the trial court signed the order.

In *Sosa*, the plaintiffs filed a second amended original petition on November 10, 1993 and the summary judgment hearing was held on November 17, 1993. *Sosa v. Central Power & Light*, 909 S.W.2d at 894. The Court considered whether Rule 4 of the Rules of Civil Procedure governs the computation of the time period in Rule 63. *Id*. Rule 4 provides:

> In computing any period of time prescribed or allowed by these rules, ... the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included…

The Court stated that when Rule 4 is applied, the day on which the Sosas filed their amendment is not counted, but the seventh day after it was filed is counted. *Sosa v. Central Power & Light*, 909 S.W.2d at 895. The Court held that the last day counted from the date of the filing may be the date of the hearing and that the Sosas timely filed their second amended original petition. *Id*.

As in *Sosa*, Appellees filed their amended pleading on the 10th of the month and the summary judgment hearing was on the 17th of the month. Therefore, the Appellees amended answer was timely, and the trial court did not abuse its discretion in allowing Appellees to file the amended answer. We overrule the first issue. Because of our disposition of the first issue, we need not address the second issue. TEX.R.APP.P. 47.1.

### Motion for Continuance

In the third issue, Appellants argue that the trial court erred in denying their request for a continuance of the January 17, 2014, hearing on the motion for summary judgment. The decision to grant or deny a motion for continuance is within the trial

court's sound discretion.  *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *In re Z.J.C. and T.J.M.C.*, 440 S.W.3d 42, 47 (Tex.App.-Waco 2009, no pet.).  Unless the record discloses a clear abuse of that discretion, the trial court's action in granting or refusing a motion for continuance will not be disturbed.  *Villegas*, 711 S.W.2d at 626; *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 n. 142 (Tex.2004); *In re Z.J.C. and T.J.M.C.* 440 S.W.3d at 47.

At the summary judgment hearing, Appellants' counsel stated that Appellants were not obligated to respond to Appellees' motion for summary judgment on the merits. Trial counsel stated:

> So, what I'm addressing the Court on is, if the Court's going to permit them to file late and get their voluminous statute of limitations to grant this summary judgment, I want to have the Court honor my motion for continuance to give us an opportunity to respond to those things.
> …
> That's why I'd like to ask the Court if we could get a ruling on our objections to the motion for summary judgment on the basis of no pleadings to support it. … If it's going to be granted, I want the permission to file a motion for continuance.

The trial court questioned Appellants' attorney as follows:
> Well, let me ask you a couple of questions, [trial counsel].  You have told me you want a continuance.  You've recited to me that there's been extensive discovery in this case.  Do you have any basis you can … point me to?  I have, from the defendants, a rather thick summary of deposition testimony and things like that.  Can you point me to anything in the depositions that indicates any of these representations, fraud claims, the breach of contract took place after November the 12th of 2008?
>
> …
> I'd like you to tell me.  You said there's been extensive discovery in the case.  In other words, you're telling me that you want a continuance to do these things when the motion was filed November 26th.  You had a lengthy period of time.
> …

So what I'm asking you is, they've laid out a rather lengthy argument as to pointing out that there is no breach of contract, misrepresentation or fraud that took place after December 12, 2008. I'm simply asking you, as an attorney here today, can you point me to anything?

Appellant's attorney responded:
We have not responded to that nor do we feel we were obligated to respond to that when the pleadings of affirmative defenses were not before the Court.

The trial court found:

Based on everything I have at this point in time, I find that there's absolutely no surprise. You were aware that the statute of limitations was raised. And based on this case I have, it appears that it was timely filed.
However, in an abundance of caution, because I don't think there was any surprise, certainly nothing said to me today assumes that. I am going to grant them leave to amend, if that's necessary, which I don't think it is. And if you have nothing you can point me to, I'm not going to continue this case, but I intend to grant the summary judgment. I'll give you one last chance. If you can point me to a date in the deposition, any testimony at all, any evidence at all before me that would make me think that something took place after December 12, 2008 … then I will certainly consider looking at it.

Trial counsel responded:

Your honor, perhaps you misunderstood what I was talking about about a continuance. I'm not talking about further discovery, further anything other than to give us a chance, as the defendants had, to respond to their motion for summary judgment. We haven't because we didn't have to because of the Texas Rules of Civil Procedure.

The trial court denied the motion for continuance and granted Appellees' motion for summary judgment.

The record shows that the trial court considered Appellants' motion for continuance and determined that Appellants had conducted extensive discovery and had adequate time to respond to the motion for summary judgment. Appellants have not

shown that the trial court abused its discretion in denying the motion for continuance. We overrule the third issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 3, 2015
[CV06]

