**AFFIRMED; Opinion Filed August 16, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-00580-CV
_____

## IN THE MATTER OF
## THE MARRIAGE OF I.C. AND Q.C.
## AND
## IN THE INTEREST OF S.C. AND K.C., CHILDREN

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-15-00596**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Schenck
Opinion by Justice Evans

Appellant Q.C. (Wife) asserts that the trial court erred in granting appellee I.C.'s (Husband) motion for partial summary judgment on Husband's declaratory judgment claim because: (1) the motion was based solely on Wife's third amended original counter-petition for divorce that was subsequently amended before the summary judgment hearing; (2) Wife has not sought to invalidate some or all of the agreement in contemplation of marriage; and (3) the trial court denied Husband's summary judgment motion as to Wife's affirmative defenses of Husband's prior material breach of the agreement and Husband's repudiation of the agreement. We affirm the trial court's judgment.

## BACKGROUND[1]

On August 26, 2005, Husband and Wife entered into an agreement in contemplation of marriage (Agreement) to address their property rights. Section 31 of the Agreement, entitled Enforcement of/Attempt to Invalidate Agreement, provides as follows:

> If either party brings an action or other proceeding to enforce this Agreement or to enforce any judgment, decree, or order made by a court in connection with this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and other necessary costs from the other party. If either party seeks to invalidate some or all of this Agreement, or seeks to recover property in a manner at variance with this Agreement, then such party shall be liable to the other party for all reasonable and necessary attorney's fees and costs incurred by such other party in defending this [sic] or her rights under this Agreement. In addition, if [Wife] seeks to invalidate some or all of this Agreement, or seeks to recover property in a manner at variance with this Agreement, then [Wife] shall forfeit the cash payment set forth in Section 13(h).

Husband and Wife married on November 19, 2005 and had two children. Husband filed for divorce on September 20, 2011. Wife filed her original counter-petition for divorce on November 23, 2011 and requested that the court "enforce the Agreement and divide the marital estate in accordance with its terms."

---

[1] Large portions of the record as well as the appellate briefs were filed under seal. The record, however, does not include an order indicating which facts or evidence were sealed below in the trial court. Further, the briefs do not indicate what facts or evidence should be considered confidential and under seal. However, we must hand down a public opinion explaining our decisions based on the record. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.") and 47.3 ("All opinions of the courts of appeals are open to the public . . . ."); and TEX. GOV'T CODE ANN. § 552.022(a)(12) (West 2012) ("Without limiting the amount or kind of information that is public information under this chapter, the following categories of information are public information and not excepted from required disclosure unless made confidential under this chapter or other law: final opinions, including concurring and dissenting opinions, and orders issued in the adjudication of cases."). Accordingly, to accommodate both the sensitive nature of the documents and our responsibility to hand down a public opinion, we have avoided referring to certain materials where possible and make some references deliberately vague. *See Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 456 n.1 (Tex. App.—Austin 2004, pet. denied) (reference to technological and proprietary information was deliberately vague to preserve confidentiality of documents filed under seal).

Husband later filed a motion for partial summary judgment seeking an order from the trial court that the Agreement was valid and enforceable. The trial court granted this partial summary judgment motion and ordered that the Agreement was valid and enforceable.

On June 21, 2012, Wife filed her third amended original counter-petition for divorce which asserted, for the first time, a claim for rescission of the Agreement. Specifically, paragraph 15 of Wife's third amended counter-petition for divorce provides as follows:

> Pleading in the alternative, [Wife] would show that the Agreement in Contemplation of Marriage entered into between [Husband] and [Wife] should be rescinded.
>
> The Agreement should be Rescinded: Rescission is an appropriate remedy for breach of contract. [Wife] was not in breach of the Agreement prior to [Husband's] breach. [Husband] materially breached the agreement. Additionally, the agreement was marred with fraud. [Wife] refused the benefits of the contract once the grounds for right of rescission was [sic] learned.

On September 14, 2012, Husband filed his second amended original petition for divorce in which he asserted a declaratory judgment claim that Wife had forfeited her cash payment under the Agreement by seeking to rescind the Agreement. On this same date, Husband also filed a motion for partial summary judgment on his declaratory judgment claim. Husband argued that Wife "sought to invalidate the Agreement in its entirety by filing a claim for rescission in her Third Amended Original Counter-Petition for Divorce" and that Wife had forfeited any payments under section 13(h) of the Agreement.

On April 15, 2013, the trial court denied Husband's partial summary judgment motion on the declaratory judgment claim.

At trial, the jury found that Wife sought to invalidate some or all of the Agreement and that Wife sought to recover property in a manner at variance with the Agreement in jury questions 1 and 3. The jury also found, in jury questions 2 and 4, that Wife was excused in

seeking to invalidate some or all of the Agreement and seeking to recover property in a manner at variance with the Agreement by Husband's prior material breach and prior repudiation.

Husband filed a motion for new trial arguing that there was insufficient evidence to support the jury's findings with respect to questions 2 and 4. The trial court granted Husband's motion for a new trial and stated that the jury questions were "confusing and unduly complicated" which led to findings for which there was no evidence or factually insufficient evidence.

On January 12, 2015, Husband re-urged and requested that the trial court reconsider his motion for partial summary judgment on the declaratory judgment claim. By order dated January 13, 2015, the trial court granted the partial summary judgment motion.

On January 14, 2015, the trial court entered a severance order which severed the order granting Husband's partial summary judgment motion from the remaining claims. Wife then filed this appeal.

## ANALYSIS

### A. Standard of Review

We review the trial court's traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2003). The party moving for summary judgment bears the burden of proof. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). Under Texas Rule of Civil Procedure 166a(c), the moving party must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *W. Inv., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Further, in reviewing a summary judgment, we consider the evidence in the light most favorable to the non-movant and resolve any doubt in the non-movant's favor. *Id.*

**B.      Analysis**

In three issues, Wife argues that the trial court erred in granting Husband's motion for partial summary judgment on his declaratory judgment claim.

**1)      Issue 1**

In the first issue, Wife argues that the trial court erred in granting Husband's motion for partial summary judgment because the motion was based solely on Wife's third amended counter-petition for divorce which was subsequently amended and not part of the pleading in the record. We disagree.

Rule 65 of the Texas Rules of Civil Procedure provides that amended pleadings "shall no longer be regarded as part of the pleading in the record of the cause . . . ." TEX. R. CIV. P. 65. Wife specifically argues that because her third amended counter-petition has been superseded by her fourth amended counter-petition and other subsequent pleadings, that the trial court erred in granting summary judgment on a petition that is no longer regarded as part of the pleadings in this case. In support of her argument, Wife cites to *Sosa v. Central Power & Light,* 909 S.W.2d 893 (Tex. 1994) for the proposition that statements contained in superseded pleadings are not conclusive and indisputable judicial admissions.

In *Sosa*, plaintiffs amended their pleading to delete the factual allegations forming the basis of defendants' motion for summary judgment. *Id.* at 894. The trial court granted defendants' motion to strike the amended petition and granted summary judgment that was based on the earlier version of the petition. *Id.* at 895. The supreme court reversed after it determined the amended petition was timely filed concluding that the factual allegations of the superseded pleading could no longer form a basis for the summary judgment. *Id.* Here, however, each of Wife's amended pleadings filed after the third amended counter-petition for divorce contained a

claim for rescission of the Agreement.[2] In other words, Wife's subsequent pleadings retained the claim which formed the basis of Husband's summary judgment motion. In addition, Husband relied on Wife's pleading only to prove she made the claim for rescission and did not rely on the factual allegations on which she based her claim. Accordingly, the holding is *Sosa* is distinguishable from the facts present here.

Wife further argues that the pleadings in her third amended counter-petition are not "conclusive and indisputable judicial admissions" that properly constitute the basis for a summary judgment because the counter-petition was subsequently amended. Husband responds that Wife was not required to judicially admit anything for the forfeiture provision to apply. Husband also argues that even if Wife's pleadings cannot be considered judicial admissions, they can still be a regular party admission. *See Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234–35 (Tex. 2007) (statements from superseded pleadings considered admissions by a party opponent and not hearsay). We agree with Husband. Wife's pleadings in her third amended counter-petition could be considered as an admission that she sought to invalidate the Agreement. For the reasons described above, we resolve this issue against Wife.

### 2) Issue 2

In the second issue, Wife argues that the trial court erred in granting Husband's motion for partial summary judgment because Wife has not sought to invalidate some or all of the Agreement or sought to recover property in a manner at variance with the Agreement. We disagree.

Wife specifically argues that because she plead rescission as an alternative remedy, she did not invoke the forfeiture provision of the Agreement because she was only seeking a

---

[2] Wife amended her counter-petition for divorce eleven times. The fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh counter-petitions all contained a claim for rescission of the Agreement.

"possible remedy of rescission." Wife, however, fails to cite to any case law in support of this proposition. Further, the language in the Agreement does not limit application of the forfeiture provision to an instance where Wife seeks rescission as her sole remedy. Instead, the Agreement provides that Wife will forfeit the cash payment if she "seeks to invalidate some or all of this Agreement, or seeks to recover property in a manner at variance with this Agreement." As Wife sought to invalidate some or all of the Agreement by asserting a rescission claim, we cannot conclude that Wife's alternative remedy argument precluded forfeiture of the cash payment.

Wife also asserts that the language in paragraph 31 should be construed to avoid a forfeiture because forfeitures provisions are not favored in Texas. In support of her argument, Wife cites cases for the general proposition that forfeitures are not favored in Texas and contracts will be construed to avoid forfeiture if possible. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.,* 320 S.W.3d 829, 842 (Tex. 2010); *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009); *McLendon v. McLendon*, 862 S.W.2d 662, 678 (Tex. App.—Dallas 1993, writ denied). None of these cases, however, involve a forfeiture or *in terrorem* clause which provides that a right or payment would be forfeited if specific actions were taken. Instead, these cases involve either the interpretation of provisions which could result in unintended forfeitures or conduct which did not trigger the forfeiture clause.[3] Accordingly, each of these cases is distinguishable from the facts at issue in this case.

Further, although forfeiture provisions are strictly construed under Texas law, that does not mean that they are unenforceable. *See Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807, 819 (Tex. App.—Dallas 2008, no pet.) ("[A] clear and specific forfeiture provision

---

[3] *See Kirby Lake Dev., Ltd.,* 320 S.W.3d at 841–42 (interpreting the word "any" to mean "every" in contract to avoid an unintended forfeiture by developers of their interest in the water and sewer facilities they built and paid for); *Aquaplex, Inc.*, 297 S.W.3d at 774 (interpreting a joint venture agreement to find that none of the contractual provisions support a forfeiture of interest in the event of a breach); *McLendon*, 862 S.W.2d at 678 (holding that a lawsuit asserting breach of fiduciary duty against a co-executor did not invoke the *in terrorem* clause in the Will).

in a contract will be honored."); *Marion v. Davis*, 106 S.W.3d 860, 867 (Tex. App.—Dallas 2003, pet. denied) (concluding that actions of beneficiary came within the forfeiture clause's express terms and resulted in forfeiture against beneficiary). Here, the Agreement contained a clear and precise mechanism for forfeiture—Wife was to forfeit her cash payment if she "seeks to invalidate some or all of this Agreement, or seeks to recover property in a manner at variance with this Agreement." As Wife sought to invalidate some or all of the Agreement by filing a claim for rescission of the Agreement, her actions came within the forfeiture clause's express terms. Accordingly, we resolve this issue against Wife.

### 3)    Issue 3

In the third issue, Wife argues the trial court erred in granting Husband's motion for partial summary judgment because the trial court denied Husband's motion for summary judgment as to Wife's affirmative defenses of Husband's prior material breach and repudiation of the Agreement. We disagree.

On August 26, 2013, Husband filed a summary judgment motion on Wife's affirmative defenses including prior material breach and repudiation. On October 18, 2013, the trial court signed an order denying Husband's motion for summary judgment on Wife's affirmative defenses of prior material breach and repudiation.

On August 8, 2014, however, Husband filed another motion for partial summary judgment on Wife's affirmative defenses of prior material breach and repudiation. On December 23, 2014, the trial court granted Husband's partial summary judgment motion dated August 8, 2014. The trial court ordered that Wife's "affirmative defenses of prior material breach and repudiation are dismissed with prejudice . . . ."

On January 13, 2015, the trial court signed an order granting Husband's motion for partial summary judgment on his declaratory judgment claim. In that order, the trial court

ordered that "(1) [Wife] sought to invalidate all or a part of the Agreement in Contemplation of Marriage (the "Agreement"); (2) [Wife] sought to recover property in a manner at variance with the Agreement; and (3) [Wife] has forfeited any cash payment under Section 13(h) of the Agreement."

As stated above, the trial court did deny Husband's motion for partial summary judgment on Wife's affirmative defenses. However, Husband filed a second motion at a later date and the trial court granted that motion. Therefore, the trial court had already dismissed Wife's affirmative defenses of prior material breach and repudiation by the time that it granted Husband's partial summary judgment motion. Accordingly, we resolve this issue against Wife.

For all the reasons described above, we affirm the trial court's grant of partial summary judgment.

## CONCLUSION

We resolve Wife's issues against her and affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

150580F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE MATTER OF THE MARRIAGE OF I.C. AND Q.C. AND IN THE INTEREST OF S.C. AND K.C., CHILDREN,

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-15-00596.
Opinion delivered by Justice Evans.
Justices Francis and Schenck participating.

No. 05-15-00580-CV

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee I.C. recover his costs of this appeal from appellant Q.C.

Judgment entered this 16th day of August, 2016.