

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00402-CV

RODNEY EARL WILLIAMS,

                                              **Appellant**

 v.

WILLIAM STEPHENS, ASSISTANT DIRECTOR OF
ADMINISTRATION OF THE DEPARTMENT OF
CORRECTIONS, MICHAEL A. ROESLER, WARDEN II
OF THE O.B. ELLIS UNIT, DR. BETTY J. WILLIAMS,
MEDICAL DIRECTOR/PHYSICIAN III, BROOK DAVIS,
PRACTICE MANAGER, TONI DEER, MID-LEVEL PRAC, and
BEVERLY ARMSTRONG, NURSE PRACTITIONER,

                                              **Appellees**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 1627928

## MEMORANDUM OPINION

Rodney Earl Williams, a prison inmate, sued William Stephens, Michael A. Roesler, Betty J. Williams, Brook Davis, Toni Deer, and Beverly Armstrong, prison officials and employees, for retaliation in denying Williams medication and medical treatment. The trial court dismissed Williams' claims as frivolous with prejudice for the

failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. The trial court's judgment is affirmed.

In an unstructured brief, Williams first complains that the trial court abused its discretion when it failed to rule on his motions to amend his petition to add his affidavit of previous filings when the court allowed the Attorney General to correct its brief and change counsel.

Rule 63 of the Texas Rules of Civil Procedure authorizes the amendment of a party's pleadings, responses or "other pleas as they may desire" without leave of court if the amendment is filed "seven days or more before the date of trial." *See Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995); TEX. R. CIV. P. 63. The Attorney General's Amicus Curiae Chapter 14 Advisory,[1] which requested the dismissal of Williams' claims, was set for submission before the trial court on October 11, 2016. On September 12, 2016 and on September 21, 2016, Williams asked for leave to amend his petition. These requests were filed well before the seven day deadline of Rule 63. Williams could have simply amended his petition without leave of court. He chose not to do so. Further, Williams filed an affidavit of previous filings and two amendments before the seven day deadline. None of these documents were stricken. Thus, Williams achieved his stated objective, and the trial court's failure to rule, if required, was not harmful.

Williams' first issue is overruled.

Williams next argues that the trial court judge should be recused from Williams'

---

[1] Two were filed, one on September 7, 2016 and one on September 23, 2016, well before the Rule 63 deadline.

case due to the judge's bias against Williams. The recusal of judges is governed by Rule 18a of the Texas Rules of Civil Procedure which provides, "A party in a case in any trial court other than a statutory probate court or justice court may seek to recuse or disqualify a judge who is sitting in the case by filing a motion with the clerk of the court in which the case is pending." TEX. R. CIV. P. 18a(a). A recusal, however, is waived by a party's failure to raise the issue by a motion in the trial court. *See Sun Expl. & Prod. Co. v. Jackson*, 729 S.W.2d 310, 315 (Tex. App.—Houston [1st Dist.] 1987), *rev'd on other grounds*, 783 S.W.2d 202 (Tex. 1989). *See also In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998). Williams never filed a motion to recuse the trial court judge with the trial court clerk. Accordingly his complaint is waived, and his issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 7, 2018
[CV06]

