**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00092-CV**

_____

**IN RE KENNETH A. BITGOOD AND FRANK O. CARROLL III**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 20-05-05682-CV**

**MEMORANDUM OPINION**

Kenneth A. Bitgood and his attorney, Frank O. Carroll III, filed a petition for mandamus seeking relief from a pre-trial sanctions order issued against both of them, wherein the trial court dismissed with prejudice the amended petitions seeking a temporary and permanent injunction that Bitgood filed, jointly and severally ordered Bitgood and Carroll to pay a $20,000 penalty into the trial court's registry within 60 days, and ordered Bitgood to pay the real parties in interest, Stephen S. Harkness and Anna M. Harkness (collectively Harkness or Real Parties) $18,640 in attorney's fees within 30 days. We stayed the trial court's order and obtained a response from Harkness. In their mandamus petition, Bitgood and Carroll contend the trial court

1

abused its discretion by imposing the monetary penalty on Bitgood and Carroll plus ordering Bitgood to pay Harkness the additional attorney's fees. They complain that the trial court received no evidence to support Harkness's motion for sanctions, the trial court never held a dispositive hearing or trial on the merits of their claims or on the motion to dismiss for lack of subject matter jurisdiction, and the defendant never filed a motion for summary judgment. We conditionally grant in part and deny in part mandamus relief.

The trial court based the sanctions order on Chapter 10 of the Civil Practice and Remedies Code, Texas Rule of Civil Procedure 13, and the trial court's inherent power. The trial court found the successive applications for injunctive relief contained the same facts as previously alleged, without any change in circumstance, that Bitgood and Carroll alleged Harkness's property was located within the platted Tres Subdivision without evidence to support the allegation and either knew the property was not located in the subdivision or failed to perform due diligence in locating the property, and they signed and verified the successive pleadings. The trial court also found there was no basis in law and fact for Bitgood's filing of the motion for contempt after the temporary injunction order had already been dissolved. The trial court explained that the egregious nature of the conduct in filing successive applications on relief already denied by the court without a change in circumstances and filing a motion for contempt in bad faith justified not imposing a lesser sanction.

2

The trial court also found Carroll's statements in the March 26th hearing were not credible.

This Court recently issued a memorandum opinion pertaining to the underlying property dispute between Bitgood and Harkness. *See Bitgood v. Harkness*, No. 09-20-00263-CV, 2021 Tex. App. LEXIS 4571 (Tex. App.—Beaumont June 10, 2021, no pet. h.) (mem. op.). Therein, we explained that the appeal related to a dispute over alleged property restrictions. *Id*. at *1. Bitgood owns a .382-acre tract and a .131-acre tract of land and Harkness, Bitgood's neighbor, owns a 1.5728-acre tract of land next to Bitgood's tract. *Id*. The dispute arose when Harkness began to build a structure on the 1.5728 acres. *Id*. Bitgood filed a suit against Harkness to stop Harkness from building what Bitgood calls a "pole barn" and what Harkness describes as a "workshop." *Id*. Bitgood alleged that Harkness was violating certain deed restrictions. *Id*. The trial court initially granted a temporary injunction in favor of Bitgood, but thereafter the trial court held another hearing and entered an Order Sustaining Defendants' Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction and dissolved the temporary injunction and dismissed the Plaintiff's First Amended Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Original Petition without prejudice. *Id*. at **1-2. Bitgood appealed the trial court's order (1) sustaining Appellees' Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction; (2)

dismissing without prejudice Bitgood's First Amended Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Original Petition; and (3) dissolving the temporary injunction. *Id*. at *2. We affirmed the trial court's order. *See id*. at *10.

We held that Bitgood lacked standing and failed to meet his burden to establish the existence of a general plan or scheme applicable to both his and Harkness's tracts. *Id.* at *21. Considering Bitgood purchased his property before Harkness's predecessor in title executed a deed with restrictive language, Bitgood also failed to show the existence of a general plan or scheme of development induced him to purchase his parcels out of the property conveyed in the 1975 deed for 5.935 acres out of which both Bitgood and Harkness acquired their tracts (the "Larger Tract"). *Id*. at *9. Bitgood could not rely on language in the deed to Harkness because he lacked privity of contract. *Id.* We held the trial court correctly concluded that the temporary injunction was entered in error because Bitgood lacked standing to enforce the alleged restrictions. *Id*. at 24.

While Bitgood's appeal was pending and before we issued our memorandum opinion on his appeal from the dissolution of the temporary injunction, Bitgood filed an amended petition with another request for a temporary injunction, monetary damages, and permanent injunctive relief in the trial court. He alleged that Harkness had resumed construction that would lead to "further violations of the restrictive

4

covenants, further diminution of the value of Bitgood's property, and further economic waste" if Bitgood eventually prevailed. In response, Harkness filed an objection and another motion to dismiss for lack of subject matter jurisdiction. Harkness alleged that Bitgood was unable to establish his standing to enforce the restrictions contained in the deed or in the adjoining Tres Subdivision. Bitgood responded by amending his pleadings again to allege that he could enforce restrictions affecting the Larger Tract or, in the alternative, that Bitgood could enforce deed restrictions as an owner of property within the "Tres Subdivision General Scheme" which he alleged was comprised of 34 properties on Lake Conroe Drive as expressed in recitals contained in other individual deeds. Bitgood filed a Fourth Amended Petition on January 5, 2021, and in addition to presenting his deed restriction theories, he added a complaint that Harkness had erected a fence that blocked the driveway Bitgood had used to access his property for nearly fourteen years. Bitgood asked the trial court to maintain the status quo regarding access to his property and grant him a temporary and permanent injunction.

On January 22, 2021, Bitgood also filed a motion for contempt, asking the trial court to hold Harkness in contempt for violating the temporary injunction that had been dissolved. Bitgood complained that Harkness recommended construction on January 16, 2021, in violation of the temporary injunction that had been dissolved. Bitgood alleged that the dissolution of the injunction was on appeal. But

5

Bitgood and his attorney knew that at that point in time the trial court had dissolved the temporary injunction and the order dissolving the injunction was the subject of the appeal. Although Bitgood had asked the trial court to supersede the order dissolving the temporary injunction, the trial court neither suspended the dissolution order nor set a bond amount and Bitgood never superseded the dissolution order. *See generally* Tex. R. App. P. 29.1 (perfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless the order has been superseded or the appellant is entitled to supersede the order by filing a notice of appeal).

In the trial court, Harkness then filed a motion to sanction Bitgood and Carroll for filing successive applications for injunctive relief on grounds already dismissed by the trial court. Harkness argued Bitgood sought injunctive relief for the purpose of harassment and delay. Harkness claimed that the allegations in Bitgood's first application for an injunction concerning the location of the Harkness property irrefutably establish the lack of standing and subject matter jurisdiction in his third and fourth injunction applications. Harkness also argued that Bitgood could not establish the requisite change in circumstance to justify a request for successive injunction applications because he had been aware of his alternative legal argument when Harkness challenged his standing to bring the first request for injunctive relief. Harkness argued sanctions were appropriate because Bitgood knowingly made false

allegations in his most recent successive pleadings seeking injunctive relief. According to Harkness, Bitgood and his attorney, Carroll, misrepresented the location of Harkness's property and alleged the Harkness property was located within the Tres Subdivision despite having no supporting evidence to establish that the Harkness tract is in the Tres Subdivision, and Bitgood sought contempt in bad faith after the trial court had already dissolved the temporary injunction. Harkness argued that a reasonable inquiry would have revealed that the Harkness property is not within the Tres Subdivision and Bitgood based his claim of standing in his most recent third and fourth amended petitions on the false theory that restrictions included in their deeds are enforceable by any property owners of the 34 lots in the Tres Subdivision on Lake Conroe Drive.

On March 26, 2001, the trial court held a hearing on Harkness's motion for sanctions. Harkness argued that his tract was not in the Tres Subdivision, that Bitgood had judicially admitted the facts asserted in his original application for injunctive relief, that Bitgood's earlier application showed he was aware at the time of the initial temporary injunction hearing of the same theory that he was now asserting, and that no new facts or circumstances had arisen since the November 6th hearing that would justify reconsidering an injunction. Harkness argued Bitgood's successive applications for injunctive relief and his motion to hold Harkness in contempt for violating a dissolved injunction were brought to harass Harkness, as

demonstrated by the fact that Bitgood had appealed the order dissolving the temporary injunction.

In response, Bitgood argued that the trial court's earlier ruling was a "changed circumstance" in that the trial court's finding allowed them to pursue an "alternative claim of a general scheme of development." Bitgood indicated there was no bar to asserting an alternative theory because Harkness had not sought a summary judgment and Bitgood's earlier claims for injunctive relief had been dismissed without prejudice. Bitgood also suggested that he had filed the motion for contempt to preserve a claim to funds in the court's registry in the event he prevailed in his appeal. Bitgood further also indicated that he had to assert his alternative theory of a general scheme of development before the pleading deadline to avoid its waiver.

A trial court may sanction a party or attorney for filing a motion or pleading that lacks a reasonable basis in fact or law. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). A direct nexus between the improper conduct and the sanction imposed must exist. *Id*. An order to pay a penalty not based on expenses must be based on Chapter 10 of the Civil Practice and Remedies Code rather than Rule 13 of the Texas Rules of Civil Procedure. *Id*. By signing a pleading or motion, the signatories certify to their best knowledge, information, and belief, formed after reasonable inquiry, that the pleading or motion is not being presented for any improper purpose; existing law or a nonfrivolous argument for extension of existing law warrants each legal

contention; and each factual contention has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Tex. Civ. Prac. & Rem. Code Ann. 10.001.

The trial court found that Bitgood and Carroll falsely alleged that Harkness's property was located within the platted Tres Subdivision. This finding is not supported by the evidence in the record currently before us. The amended pleadings filed by Bitgood allege the property "is subject to restrictions conveyed in the deed of the Property to Defendants." Bitgood also alleged the restrictions were enforceable "either by the express language of the restrictions" or as "part of the 'Tres Subdivision General Scheme' comprised of the 34 properties on Lake Conroe Drive." The latter allegation is an assertion that was not contained in the live pleadings at the time the trial court issued its order dissolving the temporary injunction. It appears that Bitgood is attempting to enforce the Tres Subdivision restrictions upon the Harkness property, but it is unclear from his third and fourth amended pleadings if he is alleging that the Harkness property is within the Tres Subdivision or merely subject to the restrictions for the Tres Subdivision, and we conclude the trial court prematurely found the allegations were false because the trial court did not receive any evidence at the hearing, and had not ruled on any dispositive motions, nor had it ruled on the pending motion to dismiss for lack of standing which was filed by the defendant with respect to the amended pleadings.

9

The trial court had dismissed the previous application and request for injunctive relief without prejudice for lack of standing. "[A] dismissal [without prejudice] is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Civil Appeals for Eighth Supreme Jud. Dist.*, 362 S.W.2d 101, 104 (Tex. 1962) (orig. proceeding).

Harkness argues the allegations in Bitgood's first amended application for injunctive relief were judicial admissions that barred Bitgood from later disputing the admitted facts, but Harkness is relying on a general rule that applies to live pleadings, not to amended pleadings such as those at issue in this case. *See generally Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). Assertions of fact contained in pleadings that have been superseded by amendment are not conclusive and indisputable judicial admissions. *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995).

Harkness also argues sanctions were appropriate because Bitgood's subsequent application for injunctive relief was not based on changed circumstances not known to Bitgood at the time of the first application. The trial court had already dissolved the temporary injunction because Harkness successfully challenged Bitgood's standing to enforce the deed restrictions in Harkness's deed. The trial court's ruling that Bitgood lacked standing was expressly made without prejudice.

10

Therefore, assuming there were no pleading deadlines at issue, Bitgood would have the right to amend his pleadings to allege an alternative legal basis, if applicable, for imposing restrictions on Harkness and assuming without deciding that Bitgood could establish standing to enforce such restrictions. If Bitgood once again fails to establish standing to enforce the property restrictions against Harkness, under his alternative theory, the trial court may dismiss his amended pleadings, but the trial court abused its discretion by prematurely issuing an order of sanctions punishing Bitgood and Carroll for exercising the right to file an amended petition.

The trial court also held that Bitgood and Carroll signed and filed a motion for contempt that violated Section 10.001 of the Civil Practice and Remedies Code because the trial court had dissolved the temporary injunction by a written order signed on November 6, 2020. The trial court found they had no basis in law or fact for filing a motion for contempt of a dissolved temporary injunction. Bitgood and Carroll concede that they filed a motion for contempt but argue they did so only to preserve the issue for the accelerated appeal. They argue their conduct does not justify imposing the case-determinative sanctions chosen by the trial court.

In the exercise of its discretion to impose sanctions for improper conduct, the trial court must draw a direct nexus between the improper conduct and the sanction imposed. *Low*, 221 S.W.3d at 614. "The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly

11

situated." Tex. Civ. Prac. & Rem. Code Ann. § 10.004(b). A just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party and must be no more severe than necessary to satisfy its legitimate purposes. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding).

We cannot say that the trial court abused its discretion in determining that Bitgood's and Carroll's filing of the motion for contempt was neither supported by the facts nor the law, nor a good faith extension thereof. But we find the record does not support the $20,000 sanction or the amount of the attorney's fees awarded in the sanction order. Nothing in the record before us supports the award of a $20,000 sanction. Further, the $18,640 in attorney's fees appears to be excessive and represents payment for more time than what the affidavit indicated would be a reasonable fee for the time spent responding to the motion for contempt. The penalty imposed by the trial court therefore exceeds its legitimate purpose, and the relator lacks an adequate remedy by appeal because the order requires immediate payment.

An eventual appeal provides an inadequate remedy when a trial court abuses its discretion by imposing case-determinative sanctions in an interlocutory order. *See TransAmerican Nat. Gas Corp.*, 811 S.W.2d at 920. We conclude that the trial court abused its discretion in imposing sanctions on Relators and that Relators lack an adequate remedy by appeal for this error. Accordingly, we lift our stay order of

April 28, 2021, and conditionally grant the petition for a writ of mandamus. We are confident that the trial court will vacate the Order Imposing Sanctions, in accordance with this memorandum opinion. A writ shall issue only if the trial court fails to vacate its order of March 30, 2021. All other requested mandamus relief is denied.

PETITION CONDITIONALLY GRANTED IN PART; DENIED IN PART.

PER CURIAM

Submitted on May 28, 2021
Opinion Delivered August 12, 2021

Before Golemon, C.J., Horton and Johnson, JJ.