# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00349-CV

### In re Brothers Oil & Equipment, Inc.; Winchester Oil & Gas, LLC; and George Burke

### ORIGINAL PROCEEDING FROM MILAM COUNTY

### M E M O R A N D U M   O P I N I O N

Relators Brothers Oil & Equipment, Inc.; Winchester Oil & Gas, LLC; and George Burke filed a petition for writ of mandamus alleging that the district court abused its discretion by issuing an order granting summary judgment that purports to be final without disposing of all claims. We will conditionally grant the writ of mandamus.

### BACKGROUND

The challenged order stems from a lawsuit filed by real-party-in-interest Ardent I, LLC, against Brothers Oil, Winchester Oil, Burke, Kacie Carey, and Texas Bank, N.A.,[1] disputing title to ten oil and gas leases in Milam County, the wells on those leases, and other collateral.[2] Ardent's petition in the underlying suit makes claims for trespass to try title, suit to quiet title,

---

[1] Ardent nonsuited Carey and Texas Bank, who are not parties to this original proceeding.

[2] Ardent's petition also states that its suit seeks to "remove Winchester as well operator, remove an inferior lien against chattel, and cause first purchasers to release suspended funds to the working interest owner—Ardent, and for damages."

trespass, and conversion, and seeks injunctive and declaratory relief, actual and punitive damages, and attorney's fees. Ardent filed a motion for summary judgment against Relators on Ardent's trespass-to-try title causes of action and against Texas Bank as to the leases and a pulling unit that was used for operations on the leases. Ardent's motion asked the district court to declare that Ardent had superior title over the leases, that Relators had no title or interest in the leases, and that Texas Bank had no title or interest in the pulling unit. The motion also sought removal of any cloud on Ardent's record title to the leases.

**Summary-judgment hearing postponed**

Ardent's motion for summary judgment was scheduled for hearing on October 20, 2016. After Texas Bank filed a motion contending that it had not been timely served with Ardent's motion, the hearing was passed, and the motion for summary judgment was heard on October 24, 2016. Relators filed counterclaims against Ardent for fraud in a real estate transaction and fraud in the inducement on October 17, 2016, exactly seven days before the date that the district court held the summary-judgment hearing.

The district court signed an order on January 5, 2017, granting Ardent's motion for summary judgment.[3] However, the order did not address Carey and Texas Bank, did not address all of Ardent's claims, and did not address any of Relators' counterclaims. Further, the order does not

---

[3] In the summary-judgment order, the district court ruled that Ardent has superior right, title, and interest in the disputed leases; Ardent is the lawful owner of the leases; Brothers and Winchester have no interest in the leases; any cloud over Ardent's title in the public records is to be removed; Winchester will immediately execute a P4 form changing operations to Ardent or its designee, or face a daily fine of $1,000; Ardent is entitled to the balance of interpleaded funds; and the first purchasers of the leases are to make further payment of oil sales to Ardent's designated operator.

contain any language suggesting that it is a final judgment. Apparently recognizing the issue of the summary-judgment order's finality, Ardent filed a notice of nonsuit of Carey[4] and Texas Bank on January 20, 2017, stating that Ardent desired its nonsuit to make the Order a final judgment against Brothers Oil, Winchester Oil, and Burke. The nonsuit does not address Ardent's remaining claims.

Relators subsequently filed a motion to enter order on April 3, 2017, noting that the summary-judgment order did not contain the district court's ruling on their objections to Ardent's summary-judgment evidence. Ardent filed an objection to the motion to enter, contending that the district court lost plenary power because the summary-judgment order was signed more than thirty days before, no plenary-power-extending motion was filed, no appeal was filed, and the order was now final. Ardent specifically stated that Relators' counterclaims were untimely and filed without leave of court, "[t]herefore, defendants' counterclaims are void and struck as a matter of law." Relators filed a reply disputing Ardent's assertion that their counterclaims were untimely and alternatively, stating that leave was deemed granted when the record did not show that the district court denied leave to file the counterclaims. Relators also stated that despite Ardent's nonsuit, the summary-judgment order was interlocutory because it did not dispose of all claims—i.e., their counterclaims and Ardent's remaining claims against them—which remained pending before the district court and over which the district court still had jurisdiction.

**Finality of summary-judgment order questioned**

The district court held a hearing to determine its jurisdiction over the suit, and took the matter under advisement. The district court then sent a letter to the parties on April 20, 2017,

---

[4] Ardent's notice of nonsuit stated that Carey had never been served.

3

advising that it "decided to take no further action with regard to this matter." Relators wrote a letter to the district court four days later, copied to opposing counsel, seeking clarification of whether the case remained pending or whether the court was of the opinion that it had lost jurisdiction. The district court responded by letter to the parties dated April 27, 2017, that it considered Ardent's summary judgment to be final:

> In response to [defense counsel]'s letter requesting clarification, I determined that Defendants' Counter-Petition was not timely filed. That, coupled with my order granting Plaintiff's Motion for Summary Judgment, left the matter with no further issues before the court.

Afterward, Relators filed a motion for order nunc pro tunc requesting only that the district court correct a clerical error as to the hearing date referenced in the summary-judgment order. Relators pointed out that the order stated that Ardent presented its motion for summary judgment on October 20, 2016—the date that the hearing was originally scheduled—when the order should state, consistent with the district court's file, that the hearing occurred on October 24, 2016. The district court agreed and on May 1, 2017, signed an "Order for Order Nunc Pro Tunc," stating:

> After due consideration and examination of the original order rendered by the Court on January 5, 2017, the Court finds that the order entered on January 5, 2017 contains the following clerical errors: The statement that "On October 20, 2016, Plaintiff Ardent1,LLC ("Ardent") presented its motion for summary judgment..." is erroneous as the Court's record clearly reflects that the hearing on Plaintiff's motion for summary judgment was on October 24, 201[6].
>
> IT IS THEREFORE ORDERED that the motion of Brothers Oil & Equipment, Inc., Winchester Oil & Gas, LLC and George Burke, Defendants, for order nunc pro tunc is granted, and that the clerk will enter [the] court's signed and dated order nunc pro tunc, which is attached to this order as Exhibit A in the minutes of the Court.

4

Attached to this Order was the "Order Granting Plaintiff's Motion for Summary Judgment Nunc Pro Tunc," also signed on May 1, 2017, correcting the hearing date to October 24, 2016.

Relators filed this petition for writ of mandamus challenging Ardent's summary judgment. Ardent filed a response and a supplemental response, stating that after the filing of this mandamus petition, Brothers Oil and Burke sued Ardent's owner, H. Hal McKinney, for claims that appear to mirror their counterclaims against Ardent for fraud in a real estate transaction and fraud in the inducement in the underlying suit. Ardent contends that the suit filed by Brothers Oil and Burke moots this original proceeding.

## DISCUSSION

In this original proceeding, Relators contend that the district court abused its discretion by ruling that Ardent's interlocutory summary-judgment order was a final judgment when Ardent's remaining claims and Relators' counterclaims have not been adjudicated. Ardent responds that Relators' counterclaims were not timely filed and that its summary judgment, coupled with its nonsuit, is now final and unappealable. Alternatively, Ardent asserts that Relators' ability to file a separate lawsuit provides them with an adequate legal remedy, and that the suit Brothers Oil and Burke recently filed against McKinney, as Ardent's owner, moots this mandamus petition.

To obtain mandamus relief, relator has the burden of showing that an underlying order is void or that the trial court clearly abused its discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004)). A trial court abuses its discretion when its ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting

5

evidence. *Id*. (citing *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012)). A trial court also abuses its discretion when it fails to correctly analyze or apply the law. *Id*. (citing *In re Southwestern Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007)).

**Summary-judgment order contains no language indicating its finality**

An order or judgment is "final" when it disposes of all issues and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). Unlike a judgment after a conventional trial on the merits, a summary-judgment order carries no presumption of finality and is not considered final "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id*. at 205; *see Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009). "[I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final." *Lehmann*, 39 S.W.3d at 206. Here, the summary-judgment order contains no language indicating that it is a final judgment. Further, the record reveals that the order addresses only three of the five named defendants in the suit and does not dispose of all pending claims. *See id*.

**Nonsuit did not make Ardent's interlocutory summary judgment final**

Recognizing the issue of the summary-judgment order's finality, Ardent filed a notice of nonsuit of Carey and Texas Bank, apparently contemplating that its nonsuit of these two *defendants* would make its summary judgment final as to all *claims*: "Therefore, pursuant [to] TRCP 162 Ardent hereby dismisses without prejudice only Defendants Texas Bank, N.A., and Kacie Carey, thereby making the [summary-judgment] Order final as to Defendants Brothers Oil & Equipment, Inc., Winchester Oil & Gas, LLC, and George Burke." But Ardent's desire to make the order a final

6

judgment did not make it so. A nonsuit may render a previously signed partial summary judgment final only if it disposes of all remaining parties and claims. *See Lehmann*, 39 S.W.3d at 200 (noting that "if a court has dismissed all of the claims in a case but one, an order determining the last claim is final"); *Wasserberg v. RES-TX One, LLC*, No. 14-13-00674-CV, 2014 Tex. App. LEXIS 13085, at *10-11 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. denied) (mem. op.) (noting that plaintiff nonsuited its claims against all but one defendant and "[b]ecause [plaintiff's] nonsuit did not dispose of all remaining claims, it did not render the interlocutory summary judgment final or start the clock ticking on the expiration of the trial court's plenary power"). Ardent's notice of nonsuit makes no mention of Ardent's other claims against Relators—e.g., for conversion, trespass, actual and punitive damages, and attorney's fees[5]—thus, the nonsuit did not make the previously signed summary judgment final. Rather, the mandamus record shows that the district court never dismissed or otherwise adjudicated those claims (or Relators' counterclaims), which remained pending.

**Summary-judgment order does not address Relators' timely counterclaims**

By ruling that it no longer had jurisdiction over the underlying suit after the summary judgment and nonsuit, the district court necessarily determined that Relators' counterclaims were untimely, or that the summary-judgment order disposed of all of Ardent's claims against Relators, or that Ardent's notice of nonsuit of Casey and Texas Bank also dismissed Ardent's remaining claims against Relators. But the record reveals precisely the opposite—Relators' counterclaims were

---

[5] Ardent acknowledges that, "upon further review," it has determined that attorney's fees are inappropriate in trespass-to-try-title cases. However, as we have noted, Ardent's petition contained more than just a claim for attorney's fees on a trespass-to-try-title action.

timely filed, the summary-judgment order did not adjudicate all of Ardent's claims against Relators, and Ardent's notice of nonsuit did not address its remaining claims against Relators.

Relators filed their counterclaims against Ardent on October 17, 2016, exactly seven days before the October 24, 2016 hearing on Ardent's motion for summary judgment. Leave of court was unnecessary to file those counterclaims, which were timely as a matter of law under the Texas Rules of Civil Procedure.

Rule 63 governs amendment of pleadings and provides that parties may amend their pleadings so long as "any pleadings, responses, or pleas offered for filing within seven days of the date of trial . . . shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party." Tex. R. Civ. P. 63. A summary-judgment hearing is considered a "trial" within the meaning of Rule 63. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 593 (Tex. App.—Austin 2013, pet. denied). Ardent contends that the seven-day filing period in Rule 63 ran from October 20, 2016, the date that the summary judgment was originally scheduled for hearing, and not the date that the hearing was actually held. Thus in Ardent's view, Relators' counterclaims filed on October 17, 2016 were untimely because they were filed just three days before the scheduled hearing.

However, Rule 166a(c) expressly states that the seven-day period for purposes of summary judgments is the week preceding "the day of hearing"—not the date that a hearing was scheduled but ultimately did not occur. *See* Tex. R. Civ. P. 166a(c). Rule 4 provides that in computing this seven-day period, the date of filing is not counted, but the date of the hearing is. *See*

8

Tex. R. Civ. P. 4 ("In computing any period of time prescribed or allowed by these rules, . . . the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included."). The Texas Supreme Court applied these same rules in holding that an amended pleading filed exactly seven days before a summary-judgment hearing was timely under Rules 63 and 4 without leave of court. *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995); *see Haubold v. Medical Carbon Research Inst.*, No. 03-11-00115-CV, 2014 Tex. App. LEXIS 2863, at *13-14 (Tex. App.—Austin Mar. 14, 2014, no pet.) (mem. op.) (citing *Sosa* and concluding that defendants' third amended counterclaim filed exactly seven days before trial was timely, no leave of court was necessary under Rule 63, and trial court was required to allow such amendment unless plaintiff showed that it operated to surprise him). We conclude that Relators' counterclaims were timely filed and properly before the district court when it considered Ardent's motion for summary judgment seven days later.

**Forfeited-charter complaint fails**

Next, Ardent contends that the counterclaims were not properly before the district court because Brothers Oil forfeited its corporate charter for nonpayment of taxes on January 29, 2016, and thus, it had no right to file its counterclaims on October 17, 2016. *See* Tex. Tax Code § 171.252 (providing that if corporation's privileges are forfeited for nonpayment of franchise taxes it will be denied its right to sue or defend in Texas court). However, Brothers Oil provided evidence that its charter was reinstated on November 7, 2016, restoring its ability to defend itself in a cause

9

of action arising before or during the time that its charter was forfeited.[6] *See G. Richard Goins Constr. Co., Inc. v. S.B. McLaughlin Assocs., Inc.*, 930 S.W.2d 124, 128 (Tex. App.—Tyler 1996, writ denied) (stating that when corporation pays its delinquent taxes, its disability is removed and its right to sue or defend is revived, allowing it to sue or defend all causes of action regardless of whether such causes arose before or during period of forfeiture) (citing *Federal Crude Oil Co. v. State*, 169 S.W.2d 283, 285 (Tex. Civ. App.—Austin, writ ref'd), *cert. denied*, 320 U.S. 758 (1943)). Further, any forfeiture of Brothers Oil's corporate charter would have no effect on the counterclaims filed on October 17, 2016 by Winchester Oil and Burke, which remained pending and were not disposed of by the order granting Ardent's summary judgment.

**Suit by Brothers Oil and Burke against McKinney does not moot this mandamus**

Ardent finally contends in its supplemental response that this mandamus petition is moot because after it was filed, Brothers Oil and Burke sued Ardent's owner, McKinney, for claims

---

[6] We note that even if Brothers Oil's charter had not been reinstated, section 11.356(a)(1) of the Texas Business Organizations Code provides that an entity that has forfeited its charter—i.e., "a terminated entity"—continues in existence for three years from the effective date of its termination for several purposes, including defending an action brought against it. *See* Tex. Bus. Orgs. Code § 11.356(a)(1); *Donald v. Rhone*, 489 S.W.3d 584, 587 n.5 (Tex. App.—Texarkana 2016, no pet.) (noting that under section 11.356 of Business Organizations Code, corporation terminated by forfeiture of its charter continues to exist beyond its termination for limited purposes of prosecuting or defending legal action brought by or against it); *see also* 19 Elizabeth S. Miller & Robert A. Ragazzo, *Texas Practice Series: Business Organizations* § 15:12 (3d ed. 2011) (noting that under section 11.356(c) terminated entity's existence may extend even beyond three years for action pending at end of three-year period).

Here, Brothers Oil filed its counterclaims on October 17, 2016, which was within three years of January 29, 2016, the date that its charter was forfeited. Thus, under section 11.356(a)(1) of the Business Organizations Code, despite its forfeited charter, Brothers Oil had the right to file its counterclaims as part of defending the action that Ardent brought against it.

that appear to mirror their counterclaims against Ardent in the underlying suit. We disagree. If Ardent's summary-judgment order stands, then the claims that Brothers Oil and Burke filed in their suit against McKinney could be struck on res judicata grounds because Ardent's summary judgment purports to dispose of all parties and claims—including Relators' counterclaims for fraud in a real estate transaction and fraudulent inducement—which were timely filed as a matter of law against Ardent. *See State & Cty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001) (noting that res judicata applies to "finally adjudicated claim[s]"). Accordingly, the suit against McKinney did not render this mandamus petition moot.

On this record, we conclude that the district court's order granting summary judgment, even when coupled with Ardent's nonsuit of two defendants, did not dispose of all claims in the underlying suit and its ruling that the order was final and left "no further issues before the court" was an abuse of discretion for which Relators lack an adequate remedy by appeal.

## CONCLUSION

We conditionally grant Relators' petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the district court fails to vacate its May 1, 2017 "Order Granting Plaintiff's Motion for Summary Judgment Nunc Pro Tunc."

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Goodwin

Filed: July 31, 2017

11